1

CARLSMITH BALL LLP

2

DAVID LEDGER
JOHN D. OSBORN

3

Carlsmith Ball LLP Building
Capitol Hill

4

Post Office Box 5241
Saipan, MO 96950-5241

5

Tel No. 670.322.3455

6

Attorneys for Defendant
Cabras Marine Corporation

7

8

9

**F I L E D**
Clerk
District Court

OCT 1 1 2005

For The Northern Mariana Islands
By_____
(Deputy Cler.)

## IN THE UNITED STATES DISTRICT COURT

10

## FOR THE

11

## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

12

13

JOHN BRADY BARRINEAU,

14

Plaintiff,

15

vs.

16

PROMARINE TECHNOLOGY and
CABRAS MARINE CORPORATION,

17

18

Defendants.

CIVIL ACTION NO. CV05-0028

**DEFENDANT CABRAS MARINE
CORPORATION'S ANSWER TO
COMPLAINT AND DEMAND FOR
JURY TRIAL; CROSS CLAIM;
CERTIFICATE OF SERVICE**

19

20

    1.     Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 1, and on that basis denies the allegations of paragraph 1.

21

22

    2.     Cabras Marine denies the allegations of paragraph 2, in particular the allegation that the plaintiff is a "seaman."

23

24

    3.     Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 3, and on that basis denies the allegations of paragraph 3.

25

26

    4.     Cabras Marine admits it is a Guam-based corporation lawfully transacting business on Guam. Cabras Marine denies the allegation that, at all relevant times, it was

27

28

4851-5486-3104.1.000901-00030

1    transacting business in the CNMI.

2        5.    Cabras Marine admits the allegations regarding the flag and use of the CAJUN,

3    but denies the allegations regarding home port operations.

4        6.    Paragraph 6 contains "John Doe" allegations.

5        7.    Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 7,

6,7  and on that basis denies the allegations of paragraph 7.

8        8.    Cabras Marine denies the allegations of paragraph 8.

9        9.    Cabras Marine denies the allegations of paragraph 9.

10       10.    Cabras Marine denies the allegations of paragraph 10.

11       11.    Cabras Marine denies the allegations of paragraph 11.

12       12.    Cabras Marine denies the allegations of paragraph 12.

13       13.    Cabras Marine denies the allegations of paragraph 13.

14,15    14.    On information and belief, Cabras Marine admits plaintiff was an employee of

16   Pro Marine Technology (PMT).  Cabras Marine lacks sufficient knowledge to either admit or

17   deny the remaining allegations of paragraph 14, and on that basis denies the remaining

18   allegations of paragraph 14.

19,20    15.    Cabras Marine lacks sufficient knowledge to either admit or deny the allegations

21   of paragraph 15 with regard to PMT's business operations.  Cabras Marine denies the allegations

22   that PMT was at the time in question the owner, lessee, lessor, charterer, subcharterer, operator,

23   or owner pro hac vice of the CAJUN.

24       16.    Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 16

25   with respect to the nature of PMT's alleged contract for hull cleaning of the M/V HAGUE.

26,27 Cabras Marine admits only that hull cleaning work  PMT performed on the HAGUE was done in

     Apra Harbor, Guam.

28

17.    Cabras Marine denies each and every allegation of paragraph 17, the only exception being to admit that the CAJUN transported plaintiff and his dive equipment to and from the dive site.

18.    Cabras Marine denies each and every allegation of paragraph 18, the only exception being to admit that the CAJUN transported plaintiff and his dive equipment to and from the dive site.

19.    Cabras Marine lacks sufficient knowledge of PMT's operations to either admit or deny the allegations of paragraph 19.

20.    Cabras Marine denies each and every allegations of paragraph 20, the only exception being that the CAJUN transported plaintiff and his equipment to the dive site.

21.    Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 21, and on that basis denies the allegations of paragraph 21.

22.    Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 22, and on that basis denies the allegations of paragraph 22.

23.    Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 23, and on that basis denies the allegations of paragraph 23.

24.    Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 24, and on that basis denies the allegations of paragraph 24.

25.    Cabras Marine admits that at the time of the alleged incident, CAJUN was afloat on navigable waters.

26.    Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 26, and on that basis denies the allegations of paragraph 26.

27.    Cabras Marine denies the allegations of paragraph 27.

28.    Cabras Marine incorporates by reference its answers to paragraphs 1-27.

29.    With regard to the allegations of seaman status, Cabras Marine denies such allegations. With regard to the allegations of negligence and causation against PMT, Cabras Marine lacks sufficient knowledge to either admit or deny such allegations and on that basis denies such allegations.

30.    As all allegations stated in paragraph 30 are directed to PMT, Cabras Marine is not required to answer such allegations.    To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

31.    As all allegations stated in paragraph 31 are directed to PMT, Cabras Marine is not required to answer such allegations.    To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

32.    As all allegations stated in paragraph 32 are directed to PMT, Cabras Marine is not required to answer such allegations.    To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

33.    As all allegations stated in paragraph 33 are directed to PMT, Cabras Marine is not required to answer such allegations.    To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

34.    As all allegations stated in paragraph 34 are directed to PMT, Cabras Marine is not required to answer such allegations.    To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

35.    As all allegations stated in paragraph 35 are directed to PMT, Cabras Marine is not required to answer such allegations.    To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

36.    As all allegations stated in paragraph 36 are directed to PMT, Cabras Marine is not required to answer such allegations.    To the extent any such allegation might be construed

as directed towards Cabras Marine, such allegations are denied.

37.    As all allegations stated in paragraph 37 are directed to PMT, Cabras Marine is not required to answer such allegations.    To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied;  further, Cabras Marine denies there were any "dangerous conditions" on the CAJUN attributable to Cabras Marine.

38.    As all allegations stated in paragraph 38 are directed to PMT, Cabras Marine is not required to answer such allegations.    To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied;  further, Cabras Marine denies the CAJUN was in any way unseaworthy and denies that Cabras Marine or the CAJUN had any involvement in "diving operations".

39.    As all allegations stated in paragraph 39 are directed to PMT, Cabras Marine is not required to answer such allegations.    To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

40.    As all allegations stated in paragraph 40 are directed to PMT, Cabras Marine is not required to answer such allegations.    To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

41.    As all allegations stated in paragraph 41 are directed to PMT, Cabras Marine is not required to answer such allegations.    To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

42.    Cabras Marine incorporates by reference its answers to paragraphs 1-41.

43.    Cabras Marine denies the allegations of paragraph  43.

44.    Cabras Marine denies the allegations of paragraph  44.

45.    Cabras Marine denies the allegations of paragraph  45.

46.    Cabras Marine incorporates by reference its answers to paragraphs 1-45.

47. Cabras Marine denies the allegations of paragraph 47.

48. Cabras Marine denies the allegations of paragraph 48.

49. Cabras Marine denies that any "maintenance" or "cure" are owed to plaintiff, and therefore asserts that the allegation in paragraph 49 lacks merit and requires no answer. In other words, Cabras Marine can not have unlawfully "failed" to pay money not owed in the first place.

50. See answer to paragraph 49. Additionally, Cabras Marine denies the allegations of paragraph 50.

51. As all allegations stated in paragraph 51 are directed to the employer PMT, Cabras Marine is not required to answer such allegations. To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

52. Cabras Marine incorporates by reference its answers to paragraphs 1-51.

53. Cabras Marine denies the allegations of paragraph 53.

54. Cabras Marine denies the allegations of paragraph 54.

55. Cabras Marine denies the allegations of paragraph 55.

56. Cabras Marine denies the allegations of paragraph 56.

57. Cabras Marine incorporates by reference its answers to paragraphs 1-56.

58. Paragraph 58 fails to allege any claim in law or fact, and fails to rise to the minimum level of notice pleading. Notwithstanding such insufficient and deficient pleading, Cabras Marine denies whatever allegations are or were intended by paragraph 58.

59. Paragraph 59 fails to allege any claim in law or fact, and fails to rise to the minimum level of notice pleading. Notwithstanding such insufficient and deficient pleading, Cabras Marine denies whatever allegations are or were intended by paragraph 59.

60. Paragraph 60 fails to allege any claim in law or fact, and fails to rise to the minimum level of notice pleading. Notwithstanding such insufficient and deficient pleading,

1    Cabras Marine denies whatever allegations are or were intended by paragraph 60.

2        61.    To the extent paragraph 61 is plead in conjunction with paragraphs    58-60,

3    paragraph 61 fails to allege any claim in law or fact, and fails to rise to the minimum level of

4    notice pleading.  Notwithstanding such insufficient and deficient pleading, Cabras Marine denies

5    whatever allegations are or were intended by paragraph 61.  To the extent paragraph 61 is plead

6    in conjunction with any other unspecified paragraphs, notwithstanding such insufficient

7    pleading, Cabras Marine denies the allegations.

8

9        62.    Cabras Marine incorporates by reference its answers to paragraphs 1-61.

10        63.    As all allegations stated in paragraph 63 can only be directed to the employer

11    PMT, Cabras Marine is not required to answer such allegations.   However, to the extent any

12    such allegation might be construed as directed towards Cabras Marine, such allegations are

13    denied.

14

15                                 DEFENSES

16        1.    The complaint fails to state a claim upon which relief may be granted.

17        2.    Plaintiff is barred from maintaining this action against Cabras Marine and the

18    vessel because he was not a Jones Act seaman at the time of the alleged incident.

19        3.    Plaintiff is barred from maintaining this action against Cabras Marine and the

20    vessel because he was not employed by, or otherwise in the service of, Cabras Marine.

21

22        4.    Plaintiff's exclusive remedy for a work injury is workers compensation.

23        5.    To the extent plaintiff has an administrative remedy against PMT or Cabras

24    Marine, which is denied, he has failed to exhaust it.

25        6.    Plaintiffs injuries were either caused or contributed to by Plaintiffs own

26    negligence and comparative fault thus barring or reducing Plaintiff's claims and damages

27    accordingly.

28

4851-5486-3104.1.000901-00030                    -7.-

7.     Plaintiff's injuries were either caused or contributed to by third persons over whom Cabras Marine has no control or right of control, thus barring this action against Cabras Marine.

8.     Plaintiffs damages, if any, were caused by solely by the negligent superseding acts of the Plaintiff and/or other persons and circumstances over which Cabras Marine had no control or right of control.

9.     Plaintiff has failed to mitigate his alleged damages and has failed to take reasonable steps to avoid the consequences of his alleged injury.

10.     Cabras Marine intends to rely upon the additional defenses of waiver, estoppel, unclean hands, statute of limitations, failure to exhaust administrative remedies, workers compensation exclusivity, and assumption of risk.

11.     The vessel was seaworthy at all times.

12.     The Court lacks in personam personal jurisdiction over Cabras Marine.

13.     The Court lacks in rem jurisdiction over the M/V Cajun.

14.     The Court lacks subject matter jurisdiction.

15.     Cabras Marine's further defenses include all those allowed by federal and local statutes and applicable common law, which may become apparent as discovery is conducted.

<u>CROSS CLAIM</u>

1.     Cabras Marine alleges this Cross-Claim against Pro Marine Technology (PMT) under Fed. R. Civ. P. 13(g).

2.     Notwithstanding any contrary allegation, denial, assertion, or other averment contained in the above answer to complaint and defenses, and entirely without prejudice to anything stated therein, Cabras Marine asserts the following Cross-Claim against PMT.

3.     On information and belief, PMT employed Plaintiff as a diver.

4851-5486-3104.1.000901-00030                    -8.-

4.    On information and belief, PMT's work includes performing underwater maintenance, similar to that allegedly being performed by plaintiff on the M/V HAGUE, in particular, bottom hull cleaning.

5.    Cabras Marine does not nor did Cabras Marine perform such work or similar work.

6.    Cabras Marine did not assist or partner with PMT in any way in the performance of such work, nor did Cabras Marine have any other involvement in PMT's work.

7.    For its maintenance work on the M/V HAGUE, PMT required water transportation for its employees and their dive equipment to and from the dive site in Apra Harbor, Guam. For this PMT approached Cabras Marine.

8.    Cabras Marine agreed to provide the M/V CAJUN on a daily hire basis. The CAJUN was despatched hot, that is, with a crew and fully operational.

9.    On or about May 22, 2005, the CAJUN transported plaintiff to the dive site. That day, plaintiff was allegedly involved in an incident while performing underwater maintenance work to the M/V HAGUE. As a result, plaintiff has alleged certain injuries, and seeks damages therefore.

10.    Neither plaintiff, nor any other PMT employee, contributed to the operation or navigation of the CAJUN on May 22, 2005 or any other day.

11.    Cabras Marine supplied no equipment or manpower to PMT's diving and maintenance work on May 22, 2005 or any other day.

12.    Cabras Marine operated no equipment connected to PMT's dive or maintenance work on May 22, 2005 or any other day.

13.    Neither appurtenance nor crew of the CAJUN was utilized in PMT's dive and maintenance work on May 22, 2005 or any other day.  Rather, the CAJUN motored to the dive site, moored, and stood by while PMT performed the maintenance work.

14.    Cabras Marine did nothing to cause or contribute to cause the incident alleged by plaintiff.

15.    Cabras Marine had no obligation to PMT (or the Plaintiff) other than to provide safe transportation to and from the dive site.

16.    Cabras Marine did not supervise or otherwise direct the work or methods of work of PMT employees, including the Plaintiff.

17.    To the extent that PMT did not, as an employer or otherwise, meet its obligations and duties to plaintiff, if any, and such caused plaintiff's injuries, PMT is directly liable to plaintiff for such injuries and damages.

18.    Under the circumstances described herein, PMT is legally obligated to indemnify Cabras Marine from all claims, losses, costs and expenses, including attorneys fees, arising or resulting from the alleged injuries to plaintiff and plaintiff's lawsuit.

WHEREFORE, Cross-Claimant Cabras Marine prays for:

1.    Cross-Claim Defendant PMT to appear and answer in this action;

2.    In the event any liability is assessed against Cabras Marine, judgment against PMT in favor of Cabras Marine for indemnity or contribution for the liability, damages, costs, and actual attorneys fees, all in accordance with the facts and law;

3.    Judgment against plaintiff on the claims asserted jointly against PMT and Cabras Marine;

4.    Judgment against Plaintiff on the claims asserted against PMT;

5.    Judgment against plaintiff on the claims asserted against Cabras Marine; and

6.      Further relief the Court deems just.

DATED: Hagåtña, Guam, October 11, 2005.

CARLSMITH BALL LLP

DAVID LEDGER
JOHN D. OSBORN
Attorneys for Defendant
Cabras Marine Corporation

1

## CERTIFICATE OF SERVICE

2   The undersigned hereby certifies that on the 11th day of October 2005, I will cause to be

3   served, via hand delivery, a true and correct copy of **DEFENDANT CABRAS MARINE**

4   **CORPORATION'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL;**

5   **CROSS-CLAIM;** upon the following Counsels of record:

6
7   William M. Fitzgerald, Esq.
    Law Office of William M. Fitzgerald
8   1st Floor, Macaranas Building
    Post Office Box 909
    Saipan, MP 96950
9
    Bruce Berline, Esq.
10  Law Office of Bruce Berline
    1st Floor, Macaranas Building
11  Post Office Box 5682 CHRB
    Garapan, Saipan MP 96950
12  and      Pro Marine Technology
13           371 Inalado Road
             Pago Bay, Chalan Pago Guam 96910
14
15   DATED: Capitol Hill, Saipan, October 11, 2005.

16

17   _____
     DAVID LEDGER

18

19

20

21

22

23

24

25

26

27

28

4851-5486-3104.1.000901-00030                    -12.-