FILED
Clerk
District Court

OCT 31 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Tim Roberts, Esq.
Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile  (671) 646-1223

Eric Smith, Esq.
Law Offices of Smith & Williams
Former Mai Thai Building, Garapan
Post Office Box 5133, CHRB
Saipan, MP  96950
Telephone (670) 233-3334
Facsimile  (670) 233-3336

Attorneys for Defendant
Pro Marine Technology

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN BRADY BARRINEAU<br><br>                    Plaintiff,<br><br>        vs.<br><br>PRO MARINE TECHNOLOGY and<br>CABRAS MARINE CORPORATION<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. CV05-0028

**ANSWER OF DEFENDANT PRO MARINE TECHNOLOGY**

Defendant **PRO MARINE TECHNOLOGY** (hereinafter "PMT"), through counsel,

Dooley Roberts & Fowler, LLP, by Tim Roberts, Esq., severing itself from all other Defendants

named herein, hereby answers the Complaint filed on September 14, 2005, in the above entitled

action, as follows:

1.        PMT lacks knowledge or information sufficient to form a belief as to the truth of the

matters alleged in paragraph 1 of the Complaint, and on that basis denies the same.

Answer of Defendant Pro Marine Technology
*Barrineau vs. PMT Technology, et al.*
Civil Case No. CV 05-0028
Page 2 of 8

2.      PMT denies the allegations contained in paragraph 2 of the Complaint.

3.      Responding to the allegations contained in paragraph 3, PMT admits that it is a corporation organized pursuant to the laws of Guam, but denies the remainder of the allegations contained therein.

4.      PMT lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 4 of the Complaint, and on that basis denies the same.

5.      PMT lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 5 of the Complaint, and on that basis denies the same.

6.      PMT lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 6 of the Complaint, and on that basis denies the same.

7.      PMT lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 7 of the Complaint, and on that basis denies the same.

8.      PMT denies the allegations contained in paragraph 8 of the Complaint.

9.      PMT lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 9 of the Complaint, and on that basis denies the same.

10.     PMT denies the allegations contained in paragraph 10 of the Complaint.

11.     PMT denies the allegations contained in paragraph 11 of the Complaint.

12.     PMT denies the allegations contained in paragraph 12 of the Complaint.

13.     PMT denies the allegations contained in paragraph 13 of the Complaint.

14.     Responding to the allegations contained in paragraph 14, PMT admits that it employed Plaintiff as a diver and diver tender, but denies the remainder of the allegations set forth therein.

Answer of Defendant Pro Marine Technology
*Barrineau vs. PMT Technology, et al.*
Civil Case No. CV 05-0028
Page 3 of 8

15.    Responding to the allegations contained in paragraph 15, PMT admits that it was the charterer of the M/V Cajun, but denies the remainder of the allegations set forth therein.

16.    PMT admits the allegations contained in paragraph 16 of the Complaint.

17.    Responding to the allegations set forth in paragraph 17 of the Complaint, PMT admits that the mission of the M/V Cajun transport Plaintiff and others to and from the M/V Hauge, but lacks knowledge or information sufficient to understand the words "used the M/V Cajun to complete the M/V Hauge hull cleaning", and on that basis denies the same.

18.    Responding to the allegations contained in paragraph 18, PMT admits that the M/V Cajun was used as a dive station for Plaintiff and others, but denies the remainder of the allegations contained therein.

19.    PMT admits the allegations contained in paragraph 19 of the Complaint.

20.    Responding to the allegations contained in paragraph 20, PMT denies that Plaintiff assisted with mooring lines and other onboard duties, lacks knowledge or information sufficient to form a belief as to how deep Plaintiff submerged and whether he began scrubbing the hull of the M/V Cajun with a hydraulic scrubber, and on that basis denies the same, but admits the remainder of the allegations contained therein.

21.    PMT denies the allegations set forth in paragraph 21 of the Complaint.

22.    PMT lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 22 of the Complaint, and on that basis denies the same.

23.    PMT lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 23 of the Complaint, and on that basis denies the same.

24.    PMT denies the allegations contained in paragraph 24 of the Complaint.

Answer of Defendant Pro Marine Technology
*Barrineau vs. PMT Technology, et al.*
Civil Case No. CV 05-0028
Page 4 of 8

25.    Responding to the allegations contained in paragraph 25 of the Complaint, PMT denies that the M/V Cajun was in navigation, but admits the remainder of the allegations contained therein.

26.    Responding to the allegations in paragraph 26 of the Complaint, PMT admits that when Plaintiff entered the water he was acting within the course and scope of his employment, but lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth therein, and on that basis denies the same.

27.    PMT denies the allegations contained in paragraph 27 of the Complaint.

28.    Responding to the allegations contained in paragraph 28 of Plaintiff's Complaint, PMT refers to and incorporates herein its responses to paragraphs 1 though 27 of the Complaint as though fully set forth herein.

29.    PMT denies the allegations set forth in paragraph 29 of the Complaint.

30.    Paragraph 30 contains conclusions of law to which no answer is required.

31.    Paragraph 31 contains conclusions of law to which no answer is required.

32.    Paragraph 32 contains conclusions of law to which no answer is required.

33.    Paragraph 33 contains conclusions of law to which no answer is required.

34.    Paragraph 34 contains conclusions of law to which no answer is required.

35.    Paragraph 35 contains conclusions of law to which no answer is required.

36.    PMT denies the allegations contained in paragraph 36 of the Complaint.

37.    PMT denies the allegations contained in paragraph 37 of the Complaint.

38.    PMT denies the allegations contained in paragraph 38 of the Complaint.

Answer of Defendant Pro Marine Technology
*Barrineau vs. PMT Technology, et al.*
Civil Case No. CV 05-0028
Page 5 of 8

39.    Responding to the allegations set forth in paragraph 39 of the Complaint, PMT denies that the air supply and controls were within its control.  The remainder of the allegations are conclusions of law to which no answer is required, but PMT denies that the doctrine of *res ipsa loquitor* applies to this case.

40.    PMT admits the first sentence of paragraph 40 of the Complaint, but denies the second sentence of paragraph 40 of the Complaint.

41.    PMT denies the allegations contained in paragraph 41 of the Complaint.

42.    Responding to the allegations contained in paragraph 42 of Plaintiff's Complaint, PMT refers to and incorporates herein its responses to paragraphs 1 though 41 of the Complaint as though fully set forth herein.

43.    PMT denies the allegations set forth in paragraph 43 of the complaint.

44.    PMT denies the allegations set forth in paragraph 44 of the Complaint.

45.    Paragraph 45 of the Complaint contains conclusions of law to which no answer is required.

46.    Responding to the allegations contained in paragraph 46 of Plaintiff's Complaint, PMT refers to and incorporates herein its responses to paragraphs 1 though 45 of the Complaint as though fully set forth herein.

47.    PMT denies the allegations contained in paragraph 47 of the Complaint.

48.    PMT denies the allegations contained in paragraph 48 of the Complaint.

49.    Responding to the allegations contained in paragraph 49, PMT admits that it has not paid maintenance or cure to Plaintiff, but denies that any is owed.

50.    PMT denies the allegations contained in paragraph 50 of the Complaint.

Answer of Defendant Pro Marine Technology
*Barrineau vs. PMT Technology, et al.*
Civil Case No. CV 05-0028
Page 6 of 8

51.     PMT denies the allegations contained in paragraph 51 of the Complaint.

52.     Responding to the allegations contained in paragraph 52 of Plaintiff's Complaint, Defendant PMT refers to and incorporates herein its responses to paragraphs 1 though 51 of the Complaint as though fully set forth herein.

53.     Paragraph 53 of the Complaint contains conclusions of law to which no answer is required.

54.     PMT denies the allegations contained in paragraph 54 of the Complaint.

55.     PMT denies the allegations contained in paragraph 55 of the Complaint.

56.     PMT denies the allegations contained in paragraph 56 of the Complaint.

57.     Responding to the allegations contained in paragraph 57 of Plaintiff's Complaint, Defendant PMT refers to and incorporates herein its responses to paragraphs 1 though 56 of the Complaint as though fully set forth herein.

58.     PMT denies the allegations set forth in paragraph 58 of the Complaint.

59.     PMT denies the allegations set forth in paragraph 59 of the Complaint.

60.     PMT denies the allegations set forth in paragraph 60 of the Complaint.

61.     PMT denies the allegations contained in paragraph 61 of the Complaint.

62.     Responding to the allegations contained in paragraph 62 of Plaintiff's Complaint, PMT refers to and incorporates herein its responses to paragraphs 1 though 61 of the Complaint as though fully set forth herein.

63.     PMT denies the allegations contained in paragraph 63 of the Complaint.

Answer of Defendant Pro Marine Technology
*Barrineau vs. PMT Technology, et al.*
Civil Case No. CV 05-0028
Page 7 of 8

## AFFIRMATIVE DEFENSE

1.    Plaintiff's Complaint fails to state a claim against PMT upon which relief may be granted.

2.    Plaintiff was negligent and careless in and about the matters set forth in the Complaint and his lack of due care and caution caused or contributed to his alleged injuries and damages, and any damages recovered should be reduced accordingly.

3.    Plaintiff has failed to mitigate his damages.

4.    Plaintiff's claims are barred or should be reduced due to his contributory negligence.

5.    Plaintiff's exclusive remedy lies in Worker's Compensation.

6.    Plaintiff was not a Jones Act seaman at the time of the incident.

7.    To the extent that Plaintiff has an administrative remedy, he has failed to exhaust it.

8.    The court lacks *in rem* jurisdiction over the M/V Cajun.

9.    The court lacks personal jurisdiction over PMT.

10.    The court lacks subject matter jurisdiction.

11    Plaintiff is not entitled to punitive damages.

12.     Plaintiff is not entitled to maintain a claim for negligence in an action in admiralty.

13.    The court lacks subject matter jurisdiction over Plaintiff's negligence claim.

14.    The M/V Cajun and all of its associated barges and platforms were seaworthy.

15.    Plaintiff has incurred no maintenance and cure expenses.

16.    Plaintiff is not entitled to a trial by jury.

17.    Venue in this district is improper.

Answer of Defendant Pro Marine Technology
*Barrineau vs. PMT Technology, et al.*
Civil Case No. CV 05-0028
Page 8 of 8

18.    This lawsuit is subject to the doctrine of *forum non conveniens.*

19.    PMT reserves the right to assert such further affirmative defenses as may appear as discovery proceeds.

WHEREFORE, Defendant PMT herein prays for relief as follows:

1.    That Plaintiff take nothing against PMT by way of his Complaint;

2.    That Plaintiff's Complaint be dismissed with prejudice as to PMT;

3.    That PMT be awarded its costs in defending this action; and

4.    For such other and further relief as the Court may deem just and proper.

DOOLEY ROBERTS & FOWLER LLP
LAW OFFICES OF SMITH & WILLIAMS

Dated: October 31, 2005    By: _____
**TIM ROBERTS, ESQ.**
**ERIC SMITH, ESQ.**
Attorneys for Defendant PMT

F:\Documents\TLR (07.04)\D109\D109-61 PMT (Barrineau)\D109-61.Answer (1).doc