FILED
Clerk
District Court

MAR 21 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

CARLSMITH BALL LLP

DAVID LEDGER (CNMI BAR NO. F0195)
Carlsmith Ball LLP Building
Capitol Hill
Post Office Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant/Cross-Claim Plaintiff
Cabras Marine Corporation

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN BRADY BARRINEAU,<br><br>    Plaintiff,<br><br>vs.<br><br>PROMARINE TECHNOLOGY and<br>CABRAS MARINE CORPORATION,<br><br>    Defendants. | CIVIL ACTION NO. CV05-0028<br><br>**DEFENDANT/CROSS-CLAIM PLAINTIFF CABRAS MARINE CORPORATION'S INITIAL DISCLOSURES; CERTIFICATE OF SERVICE** |
| CABRAS MARINE CORPORATION.<br><br>    Cross-Claim Plaintiff,<br><br>vs.<br><br>PROMARINE TECHNOLOGY,<br><br>    Cross-Claim Defendant. | |

   Defendant/Cross-Claim Plaintiff Cabras Marine Corporation, by and through their Attorney of record, David Ledger, submit the following disclosure statement pursuant to Fed. R. Civ. P. 26(a)(1) and LR 16.2CJ(d):

4836-5363-7376.1.052540-00009

I. <u>Persons likely to have Discoverable Information</u>

1. Bob Laurente
   Cabras Marine Corporation
   c/o Carlsmith Ball LLP
   Bank of Hawaii Building, 4th Floor
   134 West Soledad Avenue
   Hagåtña, Guam 96932
   Tel: (671) 472-6813

2. Christopher K. Shelton
   415A Pale Kerian St.
   Sinajana, Guam 96913
   Tel: (671) 688-8189

3. Benedict J. Matanane
   194 Gov. C. Camacho Rd.
   Tamuning, Guam 96913
   Tel: (671) 646-5533

4. Rose B. Carey
   194 Gov. C. Camacho Rd.
   Tamuning, Guam 96913
   Tel: (671) 646-5533

II. <u>Listing, Description and Location of Documents, Data Compilations and Tangible Things</u>

1. Incident Report (001-005)

III. <u>Description and Computation of Damages</u>

Not applicable.

IV. <u>Insurance Agreements</u>

1. An Insurance Agreement will be made available for copying and inspection upon request.

V. <u>Expert Testimony</u>

1. Defendant Cabras Marine Corporation has not yet retained any experts at this time.

1     DATED: Hagåtña, Guam, March **20**, 2006.

2 CARLSMITH BALL LLP

3                                            DAVID LEDGER

4                                            Attorneys for Defendant/Cross-Claim Plaintiff Cabras Marine Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of March 2006, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANT/CROSS-CLAIM PLAINTIFF CABRAS MARINE CORPORATION'S INITIAL DISCLOSURES** upon the following Counsels of record:

        William M. Fitzgerald, Esq.
        Law Office of William M. Fitzgerald
        1st Floor, Macaranas Building
        Post Office Box 909
        Saipan, MP 96950

        Bruce Berline, Esq.
        Law Office of Bruce Berline
        1st Floor, Macaranas Building
        Post Office Box 5682 CHRB
        Garapan, Saipan MP 96950

and

        Thomas C. Sterling, Esq.
        Blair, Sterling, Johnson, Moody, Martinez & Leon
          Guerrero, P.C.
        Suite 1008, Pacific News Building
        238 Archbishop Flores Suite
        Hagåtña, Guam 96910

DATED: Hagåtña, Guam, March 20, 2006.

                                          _____
                                          DAVID LEDGER

OMB Control No. 1625-0001

| U.S. DEPARTMENT OF HOMELAND SECURITY<br>U.S. COAST GUARD<br>CG-2692 (Rev. 06-04) | REPORT OF MARINE ACCIDENT, INJURY OR DEATH | RCS No. G-MOA<br>MISLE NOTIFICATION NUMBER |
|---|---|---|

### SECTION I. GENERAL INFORMATION

| 1. Name of Vessel or Facility<br>MV Cajun | 2. Official No. | 3. Nationality | 4. Call Sign | 5. USCG Certificate of Inspection issued at: |
|---|---|---|---|---|
| 6. Type (Towing, Freight, Fish, Drill, etc.)<br>Dive Work Boat (Hired) | 7. Length<br>50' | 8. Gross Tons | 9. Year Built | 10. Propulsion (Steam, diesel, gas, turbine...)<br>Diesel |
| 11. Hull Material (Steel, Wood...)<br>Steel | 12. Draft (Ft. - in.)<br>FWD    AFT. | 13. If Vessel Classed, By Whom: (ABS, LLOYDS, DNV, BV, etc.) | 14. Date (of occurrence)<br>5/22/05 | 15. TIME (Local)<br>0819 |

| 16. Location (See Instruction No. 10A)<br>Buoy 702, Apra Harbor, Guam | 17. Estimated Loss of Damage TO:<br>VESSEL  None<br>CARGO   None<br>OTHER   None |
|---|---|

| 18. Name, Address & Telephone No. of Operating Co.<br>Cabras Marine Corporation<br>1026 Cabras Highway, Suite 114<br>Piti, Guam 96915 |
|---|

| 19. Name of Master or Person in Charge<br>Bob Laurante (Captain) | USCG License<br>☐ YES  ☐ NO | 20. Name of Pilot<br>N/A | USCG License<br>☐ YES  ☐ NO | State License<br>☐ YES  ☐ NO |
|---|---|---|---|---|
| 19a. Street Address (City, State, Zip Code)<br>c/o Cabras Marine Corp. | 19b. Telephone Number<br>(671)477-7345 | 20a. Street Address (City, State, Zip Code) | 20b. Telephone Number | |

**21. Casualty Elements** (Check as many as needed and explain in Block 44.)

- NO. OF PERSONS ON BOARD: 7+2 crew
- ☐ DEATH - HOW MANY?  None
- ☐ MISSING - HOW MANY?  None
- ☐ INJURED - HOW MANY?  None
- ☐ HAZARDOUS MATERIAL RELEASED OR INVOLVED (Identify Substance and amount in Block 44.)
- ☐ OIL SPILL - ESTIMATE AMOUNT:
- ☐ CARGO CONTAINER LOST/DAMAGED
- ☐ COLLISION (Identify other vessel or object in Block 44.)
- ☐ GROUNDING   ☐ WAKE DAMAGE
- ☐ FLOODING; SWAMPING WITHOUT SINKING
- ☐ CAPSIZING (with or without sinking)
- ☐ FOUNDERING OR SINKING
- ☐ HEAVY WEATHER DAMAGE
- ☐ FIRE
- ☐ EXPLOSION
- ☐ COMMERCIAL DIVING CASUALTY
- ☐ ICE DAMAGE
- ☐ DAMAGE TO AIDS TO NAVIGATION
- ☐ STEERING FAILURE
- ☐ MACHINERY OR EQUIPMENT FAILURE
- ☐ ELECTRICAL FAILURE
- ☐ STRUCTURAL FAILURE
- ☐ FIREFIGHTING OR EMERGENCY EQUIPMENT FAILED OR INADEQUATE (Describe in Block 44.)
- ☐ LIFESAVING EQUIPMENT FAILED OR INADEQUATE (Describe in Block 44.)
- ☐ BLOW OUT (Petroleum exporation/production)
- ☐ ALCOHOL INVOLVEMENT (Describe in Block 44.)
- ☐ DRUG INVOLVEMENT (Describe in Block 44.)
- ☒ OTHER (Specify) Commercial Diving Incident

**22. Conditions**

- A. Sea or River Conditions (wave height, river stage, etc.)
- B. WEATHER: ☒ CLEAR ☐ RAIN ☐ SNOW ☐ FOG ☐ OTHER (Specify)
- C. TIME: ☒ DAYLIGHT ☐ TWILIGHT ☐ NIGHT
- D. VISIBILITY: ☒ GOOD ☐ FAIR ☐ POOR
- E. DISTANCE (miles of visibility)
- F. AIR TEMPERATURE (F) 85
- G. WIND SPEED & DIRECTION
- H. CURRENT SPEED & DIRECTION: None

**23. Navigation Information**
- ☒ MOORED, DOCKED OR FIXED
- ☐ ANCHORED ☐ UNDERWAY OR DRIFTING
- SPEED AND COURSE
- 24. Last Port Where Bound
- 24a. Time and Date of Departure: 0700  5/22/05

| 25. FOR TOWING ONLY | 25a. NUMBER OF VESSELS TOWED | Empty | Loaded | Total | 25b. TOTAL H.P. OF TOWING UNITS | 25c. MAXIMUM SIZE OF TOW WITH TOW-BOAT(S) | Length | Width | 25d. (Describe in Block 44.)<br>☐ PUSHING AHEAD<br>☐ TOWING ASTERN<br>☐ TOWING ALONGSIDE<br>☐ MORE THAN ONE TOW-BOAT ON TOW |
|---|---|---|---|---|---|---|---|---|---|

### SECTION II. BARGE INFORMATION

| 26. Name | 26a. Official Number | 26b. Type | 26c. Length | 26d. Gross Tons | 26e. USCG Certificate of Inspection Issued at: |
|---|---|---|---|---|---|
| 26f. Year Built | 26g. ☐ SINGLE SKIN  ☐ DOUBLE | 26h. Draft FWD    AFT | | 26i. Operating Company | |

| 26j. Damage Amount<br>BARGE _____<br>CARGO _____<br>OTHER _____ | 26k. Describe Damage to Barge |
|---|---|

PREVIOUS EDITION IS OBSOLETE

001

PAGE 2 OF CG-2692 (REV. 06-04)

## SECTION III. PERSONNEL ACCIDENT INFORMATION

| 27. Person Involved | 27a. Name (Last, First, Middle Name) | | 27c. Status |
|---|---|---|---|
| ☒ MALE or ☐ FEMALE | John B. Barrineau | | ☐ Crew |
| ☐ DEAD ☐ INJURED | 27b. Address (City, State, Zip Code) | | ☐ Passenger |
| ☐ MISSING | PMB 953 Box 10001, Saipan, MP 96950 | | ☒ Other |
| 28. Birth Date | 29. Telephone No. | 30. Job Position | 31. (Check here if off duty) |
| 11/22/70 | (670) 288-5760 | Commercial Diver | ☐ |

| 32. Employer - (if different from Block 18., fill in Name, Address, Telephone No.) |
|---|
| Pro Marine Technology    P.O. Box 11021, Tamuning, Guam 96931    (671) 789-7001 |

| 33. Person's Time | YEAR(S) | MONTH(S) | 34. Industry of Employer (Towing, Fishing, Shipping, Crew Supply, Drilling, etc.) |
|---|---|---|---|
| A. IN THIS INDUSTRY - | 7 | | Commercial Diving |
| B. WITH THIS COMPANY - | 0 | 3.5 | 35. Was the Injured Person Incapacitated 72 Hours or More? |
| C. IN PRESENT JOB OR POSITION - | 0 | 3.5 | No |
| D. ON PRESENT VESSEL/FACILITY - | | | 36. Date of Death |
| E. HOURS ON DUTY WHEN ACCIDENT OCCURRED - | | 1.25 | N/A |

| 37. Activity of Person at Time of Accident |
|---|
| Hull cleaning. |

| 38. Specific Location of Accident on Vessel/Facility |
|---|
| Hull bottom, starboard side. |

| 39. Type of Accident (Fall, Caught between, etc.) | 40. Resulting Injury (Cut, Bruise, Fracture, Burn, etc.) |
|---|---|
| Loss of air. | Small scrape on forehead. |
| 41. Part of Body Injured | 42. Equipment Involved in Accident |
| None | Surface supplied air w/full voice comms. |

| 43. Specific Object, Part of the Equipment in block 42., or Substance (Chemical, Solvent, etc.) that directly produced the Injury. |
|---|
| Quarter-turn valve between air reciever (volume tank) and diver's umbilical. |

## SECTION IV. DESCRIPTION OF CASUALTY

44. Describe how accident occured, damage, information on alcohol/drug involvement and recommendations for corrective safety measures. (See instructions and attach additional sheets if necessary).

Please see the attached sheet.

| 45. Witness (Name, Address, Telephone No.) |
|---|
| Christopher K. Shelton    415A Pale Kerian St., Sinajana, Guam 96913    (671) 688-8189 |
| 46. Witness (Name, Address, Telephone No.) |
| Benedict J. Matanane    194 Gov. C. Camacho Rd., Tamuning, Guam 96913    (671) 646-5533 |

### SECTION V. PERSON MAKING THIS REPORT

| 47. Name (PRINT) (Last, First, Middle) | 47b. Address (City, State, Zip Code) | 47c. Title |
|---|---|---|
| Rose, Carey B. | Cliff Hotel #313 | Dive Supervisor |
| 47a. Signature | Hagatna, Guam 96910 | 47d. Telephone No. |
| | | (671) 477-2856 |
| | | 47e. Date  6/01/05 |

| FOR COAST GUARD USE ONLY | REPORTING OFFICE: |
|---|---|
| MISLE Incident Investigation Activity Data Entry: | MISLE Incident Investigation Activity Number (if applicable) |
| ☐ NONE  ☐ PRELIMINARY  ☐ DATA COLLECTION  ☐ INFORMAL  ☐ FORMAL | |

| Serious Marine Incident ☐ Yes ☐ No | INVESTIGATOR (Name) | DATE | APPROVED BY (Name) | DATE |
|---|---|---|---|---|
| Major Marine Casualty ☐ Yes ☐ No | | | | |

002

**INCIDENT REPORT PREPARED BY PRO MARINE TECHNOLOGY        6/01/05**

SECTION IV. DESCRIPTION OF CASUALTY

44.

Mr. John B. Barrineau (Diver) lost air 0:14 (14 minutes) after leaving the surface due to a change in the air system configuration. Diver ditched the rig without any voice communications with topside and then made a free ascent from 31 FSW to the surface.

Diver surfaced on the STBD side of the vessel and swam aft around the stern to the port side where he was spotted by the topside crew. In the meantime, the standby diver on surface-supplied air with full voice communications was sent to assist Diver as needed.

Diver completed the swim back to the dive boat unassisted and climbed the ladder up onto the deck. The diving supervisor asked the Diver if he was "O.K." and he replied that he was fine with the exception of a small ¼"-3/8" scrape on his forehead.

Mr. Carey B. Rose (Diving Supervisor) asked Diver to describe what had happened. Diver reported that when he lost air, he dropped the hull scrubber tool he had been using and it "pulled" him down 15' or so to approximately 45 FSW. He then ditched his dive gear and swam out from under the vessel. He said that dropping that 15' was a "good thing" because he was able to see the shortest way out from under the vessel. He then said that he ran into the bilge keel with his head as he started up on the STBD side. Diving Supervisor asked Diver if he remembered to exhale on the way to the surface and Diver replied that he purposefully attempted to after he reached the bilge keel, but he didn't have any air to exhale.

Approximately 0:20 (20 minutes) after Diver had returned to the dive boat Diving Supervisor asked Diver if he was feeling O.K. and Diver replied "Carey, I'm a certified Diving Medical Technician. I know what to look for and I'm O.K." Diver was under constant observation for the next 2 hours.

The dive station was secured at 09:15. The dive boat transported back to shore and the dive team then assembled at the ProMarine Technology (PMT) warehouse 5 minutes from the dive boat drop-off location. The dive team held a safety meeting and general discussion on what had happened and how to prevent the same incident in the future. Diver was an active participant in the round-table discussion.

Diver left the PMT warehouse with another diver at 10:45. His condition was asymptomatic and normal.

Corrective measures: Both quarter-turn (supply) valves from the volume tank were secured by means of a restraint to prevent any accidental closure of a valve without the verbal approval of the Diving Supervisor.

# INSTRUCTIONS

## FOR COMPLETION OF FORM CG-2692

## REPORT OF MARINE ACCIDENT, INJURY OR DEATH

## AND FORM CG-2692A, BARGE ADDENDUM

### WHEN TO USE THIS FORM

1. This form satisfies the requirements for written reports of accidents found in the Code of Federal Regulations for vessels, Outer Continental Shelf (OCS) facilities, mobile offshore drilling units (MODUs), and diving. The kinds of accidents that must be reported are described in the following instructions.

### VESSELS

2. A vessel accident must be reported if it occurs upon the navigable waters of the U.S., its territories or possessions; or whenever an accident involves a U.S. vessel; wherever the accident may occur. (Public vessels and recreational vessels are excepted from these reporting requirements.) The accident must also involve one of the following (ref. 46 CFR 4.05-1):

   A. All accidental groundings and any intentional grounding which also meets any of the other reporting criteria or creates a hazard to navigation, the environment, or the safety of the vessel;

   B. Loss of main propulsion or primary steering, or an associated component or control system, the loss of which causes a reduction of the maneuvering capabilities of the vessel. Loss means that systems, component parts, subsystems, or control systems do not perform the specified or required function;

   C. An occurrence materially and adversely affecting the vessel's seaworthiness or fitness for service or route including but not limited to fire, flooding, failure or damage to fixed fire extinguishing systems, lifesaving equipment or bilge pumping systems;

   D. Loss of life;

   E. An injury that requires professional medical treatment (beyond first aid) and, if a crewmember on a commercial vessel, that renders the individual unfit to perform routine duties.

   F. An occurrence not meeting any of the above criteria but resulting in damage to property in excess of $25,000. Damage cost includes the cost of labor and material to restore the property to the condition which existed prior to the casualty, but it does not include the cost of salvage, cleaning, gas freeing, drydocking or demurrage.

### MOBILE OFFSHORE DRILLING UNITS

3. MODUs are vessels and are required to report an accident that results in any of the events listed by Instruction 2-A through 2-F for vessels. (Ref. 46 CFR 4.05-1, 46 CFR 109.411)

### OCS FACILITIES

4. All OCS facilities (except mobile offshore drilling units) engaged in mineral exploration, development or production activities on the Outer Continental Shelf of the U.S. are required by 33 CFR 146.30 to report accidents resulting in:

   A. Death;

   B. Injury to 5 or more persons in a single incident;

   C. Injury causing any person to be incapacitated for more than 72 hours;

   D. Damage affecting the usefullness of primary lifesaving or firefighting equipment;

   E. Damage to the facility in excess of $25,000 resulting from a collision by a vessel;

   F. Damage to a floating OCS facility in excess of $25,000.

5. Foreign vessels engaged in mineral exploration, development or production on the U.S. Outer Continental Shelf, other than vessels already required to report by Instructions 2 and 3 above, are required by 33 CFR 146.303 to report casualties that result in any of the following:

   A. Death;

   B. Injury to 5 or more persons in a single incident;

   C. Injury causing any person to be incapacitated for more than 72 hours.

### DIVING

6. Diving casualties include injury or death that occurs while using underwater breathing apparatus while diving from a vessel or OCS facility.

   A. COMMERCIAL DIVING. A dive is considered commercial if it is for commercial purposes from a vessel required to have a Coast Guard certificate of inspection, from an OCS facility or in its related safety zone or in a related activity, at a deepwater port or in its safety zone. Casualties that occur during commercial dives are covered by 46 CFR 197.486 if they result in:

   1. Loss of life;
   2. Injury causing incapacitation over 72 hours;
   3. Injury requiring hospitalization over 24 hours.

004

In addition to the information requested on this form, also provide the name of the diving supervisor and, if applicable, a detailed report on gas embolism or decompression sickness as required by 46 CFR 197.410(a)(9).

Exempt from the commercial category are dives for:

1. Marine science research by educational institutions;
2. Research in diving equipment and technology;
3. Search and Rescue controlled by a government agency.

B. ALL OTHER DIVING. Diving accidents not covered by Instruction (6-A) but involving vessels subject to Instruction (2), VESSELS, must be reported if they result in death or injury causing incapacitation over 72 hours. (Ref. 46 CFR 4.03-1(c)).

### HAZARDOUS MATERIALS

7. When an accident involves hazardous materials, public and environmental health and safety require immediate action. As soon as any person in charge of a vessel or facility has knowledge of a release or discharge of oil or a hazardous substance, that person is required to immediately notify the U. S. Department of Homeland Security's National Response Center (telephone toll-free 800-424-8802 - in the Washington, D.C. area call 202-426-2675). Anyone else knowing of a pollution incident is encouraged to use the toll-free telephone number to report it. If etiologic (disease causing) agents are involved, call the U.S. Public Health Service's Center for Disease Control in Atlanta, GA. (telephone 404-633-5313). (Ref. 42 USC 9603; 33 CFR 153; 49 CFR 171.15)

### COMPLETION OF THIS FORM

8. This form should be filled out as completely and accurately as possible. Please type or print clearly. Fill in all blanks that apply to the kind of accident that has occurred. If a question is not applicable, the abbreviation "NA" should be entered in that space. If an answer is unknown and cannot be obtained, the abbreviation "UNK" should be entered in that space. If "NONE" is the correct response, then enter it in that space.

9. Once completed, deliver or mail this form as soon as possible to the Coast Guard Marine Safety, Marine Inspection or Activities Office nearest the location of the casualty or, if at sea, nearest the arrival port.

10. Amplifying information for completing the form:

A. Block 16 - "LOCATION" - Latitude and longitude to the nearest tenth of a minute should always be entered except in those rivers and waterways where a mile marker system is commonly used. In these cases, the mile number to the nearest tenth of a mile should be entered. If the latitude and longitude, or mile number, are unknown, reference to a known landmark or object (buoy, light, etc.) with distance and bearing to the object is permissible. Always identify the body of water or waterway referred to.

B. Tug or towboat with tow - Tugs or towboats with tows under their control should complete all applicable portions of the CG-2692. SECTION II should be completed if a barge causes or sustains damage or meets any other reporting criteria. If additional barges require reporting, the "Barge Addendum," CG-2692A, may be used to provide the information for the additional barges.

C. Moored/Anchored Barge - If a barge suffers a casualty while moored or anchored, or breaks away from its moorage, and causes or sustains reportable damages or meets any other reporting criteria, enter the location of its moorage in Block (1) of the CG-2692 and complete the form except for Blocks (2) through (13). The details will be entered in SECTION II for one barge and on the "Barge Addendum" CG-2692A, for additional barges.

D. SECTION III - Personnel Accident Information - SECTION III must be completed for a death or injury. In addition, applicable portions of SECTIONS I, II and IV must be completed. If more than one death or injury occurs in a single incident, complete one CG-2692 for one of the persons injured or killed, and attach additional CG-2692's, filling out Blocks (1) and (2) and SECTION III for each additional person.

E. BLOCK 44 - Describe the sequence of events which led up to this casualty. Include your opinion of the primary cause and any contributing causes of the casualty. Briefly describe damage to your vessel, its cargo, and other vessels/property. Include any recommendations you may have for preventing similar casualties. *ALCOHOL AND DRUG INFORMATION.* Provide the following information with regard to each person determined to be directly involved in the casualty: name, position aboard the vessel, whether or not the person was under the influence of alcohol or drugs at the time of the casualty, and the method used to make this determination. If toxicological testing is conducted the results should be included; if results are not available in a timely manner, provide the results of the toxicological test as soon as practical and indicate that this is the case in block 44 of the casualty form.

NOTICE: The information collected on this form is routinely available for public inspection. It is needed by the Coast Guard to carry out its responsibility to investigate marine casualties, to identify hazardous conditions or situations and to conduct statistical analysis. The information is used to determine whether new or revised safety initiatives are necessary for the protection of life or property in the marine environment.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.

The Coast Guard estimates that the average burden for this report is 1 hour. You may submit any comments concerning the accuracy of this burden estimate or any suggestions for reducing the burden to: Commandant (G-MOA), U.S. Coast Guard, Washington, DC 20593-0001 or Office of Management and Budget, Paperwork Reduction Project (1625-0001), Washington, DC 20503