F I L E D
Clerk
District Court

APR 18 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

THOMAS C. STERLING
BLAIR STERLING JOHNSON MOODY
  MARTINEZ & LEON GUERRERO, P.C.
1008 Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Telephone: (671) 477-7857
Facsimile: (671) 472-4290

THOMAS E. CLIFFORD
Attorney at Law
2nd Floor Alexander Building, San Jose
P.O. Box 506514
Saipan, MP 96950
Telephone: (670) 235-8846/7
Facsimile: (670) 235-8848

*Attorneys for Defendant Pro Marine Technology*

## IN THE DISTRICT COURT FOR THE
## NORTHERN MARIANA ISLANDS

JOHN BRADY BARRINEAU,               )
                                    )     CIVIL ACTION NO. 05-0028
              Plaintiff,            )
                                    )
        vs.                         )     **DEFENDANT PRO MARINE
                                    )     TECHNOLOGY ANSWER TO FIRST
PRO MARINE TECHNOLOGY,              )     AMENDED COMPLAINT**
CABRAS MARINE CORPORATION,          )
KENNETH COLLARD and CHIE N.         )
COLLARD                             )
                                    )
              Defendants.           )
_____)
                                    )
CABRAS MARINE CORPORATION,          )
                                    )
              Cross-Claim Plaintiff,)
                                    )
        vs.                         )
                                    )
PROMARINE TECHNOLOGY,               )
                                    )
              Cross-Claim Defendant.)

        Comes   Now   **PRO   MARINE   TECHNOLOGY**   (hereinafter

"PMT"),   one   of   the   Defendants   in   the   above-styled   and

numbered cause, by and through counsel, and answers the Plaintiff's First Amended Complaint ("Complaint") as follows:

**AS TO THE PARTIES**

1.    PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies the same.

2.    PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis denies the same.

3.    Responding to the allegations contained in paragraph 3, PMT admits that it is a corporation organized pursuant to the laws of Guam, but denies the remainder of the allegations contained therein.

4.    PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies the same.

5.    PMT admits the allegations contained in paragraph 5 of the Complaint.

- 2 -

6.    PMT admits the allegations contained in paragraph 6 of the Complaint.

7.    PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies the same.

8.    PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and on that basis denies the same.

**AS TO JURISDICTION AND JURY TRIAL**

9.    The allegations contained in paragraph 9 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

10.   The allegations contained in paragraph 10 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, PMT is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

11.   The allegations contained in paragraph 11 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

12.   The allegations contained in paragraph 12 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

13.   The allegations contained in paragraph 13 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

14.   The allegations contained in paragraph 14 of the Complaint are conclusions of law, for which no response is

required; to the extent that they are deemed allegations of fact, PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

### AS TO THE FACTS

15.   The allegations contained in paragraph 15 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

16.   Responding to the allegations contained in paragraph 16, PMT admits that it employed Plaintiff as a diver and diver tender, but denies the remainder of the allegations set forth therein.

17.   Responding to the allegations contained in paragraph 17, PMT admits that it was the charterer of the M/V Cajun, but is without sufficient knowledge or information to form a belief as to the truth of the allegations that the M/V Cajun was a US flagged vessel which was built to transport goods or passengers on navigable waters, and on that basis denies the same.

18.   PMT admits the allegations contained in paragraph 18 of the Complaint.

19.   Responding to the allegations contained in paragraph 19 of the Complaint, PMT admits that the mission of the M/V Cajun was to transport Plaintiff and others to and from the M/V Hauge, but is without sufficient knowledge or information to understand or respond to the phrase "used the M/V Cajun to complete the M/V Hauge hull cleaning", and on that basis denies the same.

20.   Responding to the allegations contained in paragraph 20 of the Complaint, PMT admits that the M/V Cajun was used as a dive platform for Plaintiff and others, admits that all equipment necessary to complete the underwater mission of scrubbing the hull of the M/V Hauge, including the air supply used for Plaintiff Barrineau's dive, were located on the deck of the M/V Cajun, but denies the remainder of the allegations contained therein.

21.   PMT admits the allegations contained in paragraph 21 of the Complaint.

22.   Responding to the allegations contained in paragraph 22, PMT denies that Plaintiff assisted with mooring lines and other onboard duties, but that it is

- 6 -

without sufficient knowledge or information to form a belief as to truth of the allegations of the depth to which Plaintiff submerged and that he began scrubbing the hull of the M/V Cajun with a hydraulic scrubber, and on that basis denies the same, but admits the remainder of the allegations contained therein.

23. Responding to the allegations contained in paragraph 23 of the Complaint, PMT admits that Plaintiff Barrineau's air supply was turned off for a brief period by someone aboard the M/V Cajun, but is without sufficient knowledge or information to form a belief as truth of the remainder of the allegations contained therein, and on that basis denies the same.

24. PMT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and on that basis denies the same.

25. PMT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and on that basis denies the same.

- 7 -

26.    PMT    is    without    sufficient    knowledge    or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and on that basis denies the same.

27.    PMT denies the allegations contained in paragraph 27 of the Complaint.

28.    Responding to the allegations in paragraph 28 of the Complaint, PMT admits that the M/V Cajun was on navigable waters, but denies the remaining allegations contained therein.

29.    Responding to the allegations in paragraph 29 of the Complaint, PMT admits that when Plaintiff entered the water he was acting within the course and scope of his employment, but is without sufficient knowledge or information to form a belief as to truth of the remainder of the allegations set forth therein, and on that basis denies the same.

30.    The allegations contained in paragraph 30 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, PMT is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

31.   The allegations contained in paragraph 31 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

32.   The allegations contained in paragraph 32 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

**AS TO COUNT 1: JONES ACT NEGLIGENCE**

33.   PMT reasserts and incorporates by reference its responses to paragraphs 1 through 32 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 33 of the Complaint.

34.   The allegations contained in paragraph 34 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of

fact, PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

35. The allegations contained in paragraph 35 of the Complaint are conclusions of law, for which no response is required.

36. The allegations contained in paragraph 36 of the Complaint are conclusions of law, for which no response is required.

37. The allegations contained in paragraph 37 of the Complaint are conclusions of law, for which no response is required.

38. The allegations contained in paragraph 38 of the Complaint are conclusions of law, for which no response is required.

39. The allegations contained in paragraph 39 of the Complaint are conclusions of law, for which no response is required.

40. The allegations contained in paragraph 40 of the Complaint are conclusions of law, for which no response is required.

41.   PMT denies the allegations contained in paragraph 41 of the Complaint.

42.   PMT denies the allegations contained in paragraph 42 of the Complaint.

43.   PMT denies the allegations contained in paragraph 43 of the Complaint.

44.   Responding to the allegations set forth in paragraph 44 of the Complaint, PMT denies that the air supply and controls were within its exclusive control. The remaining allegations contained in paragraph 44 of the Complaint are conclusions of law for which no response is required; to the extent that they are deemed allegations of fact, PMT denies the same.

45.   Responding to the allegations contained in paragraph 45 of the Complaint, PMT admits the first sentence thereof, but denies the remaining allegations contained therein.

46.   PMT denies the allegations contained in paragraph 46 of the Complaint.

### AS TO COUNT II: UNSEAWORTHINESS

47.   PMT reasserts and incorporates by reference its responses to paragraphs 1 through 46 of the Complaint,

- 11 -

inclusive, as though fully set forth herein in response to paragraph 47 of the Complaint.

48. PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and on that basis denies the same.

49. PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and on that basis denies the same.

**AS TO COUNT III: MAINTENANCE AND CURE/WAGES**

50. The allegations contained in paragraph 50 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, PMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

51. PMT reasserts and incorporates by reference its responses to paragraphs 1 through 50 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 51 of the Complaint.

52.   PMT denies the allegations contained in paragraph 52 of the Complaint.

53.   PMT denies the allegations contained in paragraph 53 of the Complaint.

54.   Responding to the allegations contained in paragraph 54 of the Complaint, PMT admits that it has not paid maintenance or cure to Plaintiff, but denies that any is owed.

55.   PMT denies the allegations contained in paragraph 55 of the Complaint.

56.   PMT denies the allegations contained in paragraph 56 of the Complaint.

### AS TO COUNT IV: NEGLIGENCE

57.   PMT reasserts and incorporates by reference its responses to paragraphs 1 through 56 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 57 of the Complaint.

58.   The allegations contained in paragraph 58 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, PMT is without knowledge or information sufficient to

- 13 -

form a belief as to the truth of the allegations contained therein, and on that basis denies the same.

59. PMT denies the allegations contained in paragraph 59 of the Complaint.

60. PMT denies the allegations contained in paragraph 60 of the Complaint.

61. PMT denies the allegations contained in paragraph 61 of the Complaint.

**AS TO COUNT V: NEGLIGENCE PER SE**

62. PMT reasserts and incorporates by reference its responses to paragraphs 1 through 61 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 62 of the Complaint.

63. PMT denies the allegations set forth in paragraph 63 of the Complaint.

64. PMT denies the allegations set forth in paragraph 64 of the Complaint.

65. PMT denies the allegations set forth in paragraph 65 of the Complaint.

66. PMT denies the allegations contained in paragraph 66 of the Complaint.

- 14 -

**AS TO COUNT VI: NEGLIGENCE – RES IPSA LOQUITUR**

67.   PMT reasserts and incorporates by reference its responses to paragraphs 1 through 66 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 67 of the Complaint.

68.   PMT denies the allegations contained in paragraph 68 of the Complaint.

**AFFIRMATIVE DEFENSES**

1.   Plaintiff's Complaint fails to state a claim against PMT upon which relief may be granted.

2.   Plaintiff was negligent and careless in and about the matters set forth in the Complaint and his lack of due care and caution caused or contributed to his alleged injuries and damages, and any damages recovered should be reduced accordingly.

3.   Plaintiff has failed to mitigate his damages.

4.   Plaintiff's claims are barred or should be reduced due to his contributory negligence.

5.   Plaintiff's exclusive remedy lies in Worker's Compensation.

6.   Plaintiff was not a Jones Act seaman at the time of the incident.

- 15 -

7. To the extent that Plaintiff has an administrative remedy, he has failed to exhaust it.

8. The court lacks *in rem* jurisdiction over the M/V Cajun.

9. The court lacks personal jurisdiction over PMT.

10. The court lacks subject matter jurisdiction.

11. Plaintiff is not entitled to punitive damages.

12. Plaintiff is not entitled to maintain a claim for negligence in an action in admiralty.

13. The court lacks subject matter jurisdiction over Plaintiff's negligence claim.

14. The M/V Cajun and all of its associated barges and platforms were seaworthy.

15. Plaintiff has incurred no maintenance and cure expenses.

16. Plaintiff is not entitled to a trial by jury.

17. Venue in this district is improper.

18. This lawsuit is subject to the doctrine of *forum non conveniens*.

19. PMT reserves the right to assert further affirmative defenses as may appear as discovery proceeds

- 16 -

**WHEREFORE,** Defendant **PRO MARINE TECHNOLOGY** herein prays for relief as follows:

1.    That Plaintiff take nothing against PMT by way of his Complaint;

2.    That Plaintiff's Complaint be dismissed with prejudice as to PMT;

3.    That PMT be awarded its costs in defending this action; and

4.    For such other and further relief as the Court may deem just and proper.

THOMAS E. CLIFFORD, Bar No. F0210
Attorney at Law

BLAIR STERLING JOHNSON
MOODY MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION

DATED: APRIL 18, 2006

BY: _Thomas C. Sterling/TEC_
THOMAS C. STERLING, Bar No. F0127
*Attorneys for Defendant Pro Marine Technology*

E67\73061-01
G:\WORD97\OFFICE\WORDDOC\PLD\JGM\165-ANSWER RE BARRINEAU V PMT
TECHNOLOGY.DOC