CARLSMITH BALL LLP

DAVID LEDGER
Carlsmith Ball LLP Building
Capitol Hill
Post Office Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Cabras Marine Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN BRADY BARRINEAU,<br><br>        Plaintiff,<br><br>vs.<br><br>PROMARINE TECHNOLOGY and<br>CABRAS MARINE CORPORATION,<br><br>        Defendants. | CIVIL ACTION NO. CV05-0028<br><br>**DEFENDANT CABRAS MARINE CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; CERTIFICATE OF SERVICE** |

1.   Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 1.

2.   Cabras Marine denies the allegations of paragraph 2, in particular the allegation that the plaintiff is a "seaman" or a "maritime worker."

3.   Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 3.

4.   Cabras Marine admits it is a Guam-based corporation lawfully transacting business on Guam. Cabras Marine denies the allegation that, at all relevant times, it was transacting business in the CNMI.

5.   Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 5.

6. Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 6.

7. Cabras Marine admits the allegations regarding the flag and use of the CAJUN, but denies the allegations regarding home port operations.

8. Paragraph 8 contains "John Doe" allegations to which answer is required.

9. Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 9, and on that basis denies the allegations of paragraph 9.

10. Cabras Marine denies the allegations of paragraph 10.

11. Cabras Marine denies the allegations of paragraph 11.

12. Cabras Marine denies the allegations of paragraph 12.

13. Cabras Marine denies the allegations of paragraph 13.

14. Cabras Marine denies the allegations of paragraph 14.

15. Cabras Marine denies the allegations of paragraph 15.

16. On information and belief, Cabras Marine admits plaintiff was an employee of Pro Marine Technology (PMT). Cabras Marine lacks sufficient knowledge to either admit or deny the remaining allegations of paragraph 16, and on that basis denies the remaining allegations of paragraph 16.

17. Cabras Marine lacks sufficient knowledge to either admit or deny the allegations of paragraph 16 with regard to PMT's business operations. Cabras Marine denies the allegations that PMT was at the time in question the owner, lessee, lessor, subcharterer, operator, or owner pro hac vice of the CAJUN.

18. Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 18 with respect to the nature of PMT's alleged contract for hull cleaning of the M/V HAGUE. Cabras Marine admits only that hull cleaning work PMT performed on the HAGUE was done in Apra Harbor, Guam.

4815-1266-0481.1.052540-00009                -2.-

19. Cabras Marine admits only that the CAJUN transported plaintiff, other employees of PMT, and PMT's dive equipment to and from the dive site.

20. Cabras Marine denies each and every allegation of paragraph 20.

21. Cabras Marine lacks sufficient knowledge of PMT's dive and air supply operations to either admit or deny the allegations of paragraph 21.

22. Cabras Marine denies each and every allegations of paragraph 20 with the exception of admitting that the CAJUN transported plaintiff, other employees of PMT, and PMT's dive equipment to and from the dive site.

23. Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 23.

24. Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 24.

25. Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 25.

26. Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 26.

25. Cabras Marine admits that at the time of the alleged incident, CAJUN was afloat on navigable waters.

26. Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 26.

27. Cabras Marine denies the allegations of paragraph 27.

28. Cabras Marine admits the allegations of paragraph 28.

29. Cabras Marine lacks sufficient knowledge to either admit or deny paragraph 29.

30. Cabras Marine denies paragraph 30.

31. Cabras Marine denies the allegations of paragraph 31.

32. As all allegations stated in paragraph 32 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed to apply to Cabras Marine, such allegations are denied.

33. Cabras Marine incorporates by reference its answers to paragraphs 1-32.

34. Cabras Marine denies plaintiff's allegation regarding "seaman" status. As for allegations against PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed to be against Cabras Marine, such allegations are denied.

35. As all allegations stated in paragraph 35 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

36. As all allegations stated in paragraph 36 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

37. As all allegations stated in paragraph 37 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

38. As all allegations stated in paragraph 38 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

39. As all allegations stated in paragraph 39 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

40. As all allegations stated in paragraph 40 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

41. As all allegations stated in paragraph 41 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed

as directed towards Cabras Marine, such allegations are denied.

42. As all allegations stated in paragraph 42 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

43. As all allegations stated in paragraph 43 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

44. As all allegations stated in paragraph 44 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

45. As all allegations stated in paragraph 45 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

46. As all allegations stated in paragraph 46 are directed to PMT, Cabras Marine neither admits nor denies such allegations. To the extent any such allegation might be construed as directed towards Cabras Marine, such allegations are denied.

47. Cabras Marine incorporates by reference its answers to paragraphs 1-46.

48. Cabras Marine denies the allegations of paragraph 47.

48. Cabras Marine denies the allegations of paragraph 48.

49. Cabras Marine denies the allegations of paragraph 49.

50. Cabras Marine denies the allegations of paragraph 50.

51. Cabras Marine incorporates by reference its answers to paragraphs 1-50.

52. Cabras Marine denies the allegations of paragraph 52.

53. Cabras Marine denies the allegations of paragraph 53.

54. In response to paragraph 54, Cabras Marine denies that any maintenance or cure are owed to plaintiff.

55. In response to paragraph 55, Cabras Marine denies that any maintenance or cure are owed to plaintiff. Cabras Marine denies the allegations of paragraph 55.

56. Cabras Marine denies owing plaintiff any wages and denies all other allegations of paragraph 56.

57. Cabras Marine incorporates by reference its answers to paragraphs 1-56.

58. Cabras Marine denies all allegations intended by paragraph 58.

59. Cabras Marine denies all allegations intended by paragraph 59.

60. Cabras Marine denies all allegations of paragraph 60.

61. Cabras Marine denies all allegations of paragraph 61.

62. Cabras Marine incorporates by reference its answers to paragraphs 1-61.

63. Cabras Marine denies all allegations of paragraph 63.

64. Cabras Marine denies all allegations of paragraph 64.

65. Cabras Marine denies all allegations of paragraph 65.

66. Cabras Marine denies all allegations of paragraph 66.

67. Cabras Marine incorporates by reference its answers to paragraphs 1-66.

68. Cabras Marine denies all allegations of paragraph 68.

## DEFENSES

1. The complaint fails to state a claim upon which relief may be granted.

2. Plaintiff is barred from maintaining this action against Cabras Marine and the vessel because he was not a Jones Act seaman at the time of the alleged incident.

3. Plaintiff is barred from maintaining this action against Cabras Marine and the vessel because he was not employed by, or otherwise in the service of, Cabras Marine.

4. Plaintiff's exclusive remedy for any work he may have sustained is workers compensation.

5. To the extent plaintiff has an administrative remedy against PMT or Cabras Marine, which is denied, he has failed to exhaust it.

6. Plaintiffs injuries were either caused or contributed to by Plaintiffs own negligence and comparative fault thus barring or reducing Plaintiff's claims and damages accordingly.

7. Plaintiff's injuries were either caused or contributed to by third persons over whom Cabras Marine has no control or right of control, thus barring this action against Cabras Marine.

8. Plaintiffs damages, if any, were caused by solely by the negligent superseding acts of the Plaintiff and/or other persons and circumstances over which Cabras Marine had no control or right of control.

9. Plaintiff has failed to mitigate his alleged damages and has failed to take reasonable steps to avoid the consequences of his alleged injury.

10. Cabras Marine intends to rely upon the additional defenses of waiver, estoppel, unclean hands, statute of limitations, failure to exhaust administrative remedies, workers compensation exclusivity, and assumption of risk.

11. The vessel was seaworthy at all times.

12. The Court lacks in personam personal jurisdiction over Cabras Marine.

13. The Court lacks in rem jurisdiction over the M/V Cajun.

14. The Court lacks subject matter jurisdiction.

15. Cabras Marine's further defenses include all those allowed by federal and local statutes and applicable common law, which may become apparent as discovery is conducted.

## CROSS CLAIM

1. Cabras Marine alleges this Cross-Claim against Pro Marine Technology (PMT) under Fed. R. Civ. P. 13(g).

2. Notwithstanding any contrary allegation, denial, assertion, or other averment contained in the above answer to complaint and defenses, and entirely without prejudice to anything stated therein, Cabras Marine asserts the following Cross-Claim against PMT.

3. On information and belief, PMT employed Plaintiff as a diver.

4. On information and belief, PMT's work includes performing underwater maintenance, similar to that allegedly being performed by plaintiff on the M/V HAGUE, in particular, bottom hull cleaning.

5. Cabras Marine does not nor did Cabras Marine perform such work or similar work.

6. Cabras Marine did not assist or partner with PMT in any way in the performance of such work, nor did Cabras Marine have any other involvement in PMT's work.

7. For its maintenance work on the M/V HAGUE, PMT required water transportation for its employees and their dive equipment to and from the dive site in Apra Harbor, Guam. For this PMT approached Cabras Marine.

8. Cabras Marine agreed to provide the M/V CAJUN on a daily hire basis. The CAJUN was despatched hot, that is, with a crew and fully operational.

9. On or about May 22, 2005, the CAJUN transported plaintiff to the dive site. That day, plaintiff was allegedly involved in an incident while performing underwater maintenance work to the M/V HAGUE. As a result, plaintiff has alleged certain injuries, and seeks damages therefore.

10. Neither plaintiff, nor any other PMT employee, contributed to the operation or navigation of the CAJUN on May 22, 2005 or any other day.

11. Cabras Marine supplied no equipment or manpower to PMT's diving and maintenance work on May 22, 2005 or any other day.

12. Cabras Marine operated no equipment connected to PMT's dive or maintenance work on May 22, 2005 or any other day.

13. Neither appurtenance nor crew of the CAJUN was utilized in PMT's dive and maintenance work on May 22, 2005 or any other day. Rather, the CAJUN motored to the dive site, moored, and stood by while PMT performed the maintenance work.

14. Cabras Marine did nothing to cause or contribute to cause the incident alleged by plaintiff.

15. Cabras Marine had no obligation to PMT (or the Plaintiff) other than to provide safe transportation to and from the dive site.

16. Cabras Marine did not supervise or otherwise direct the work or methods of work of PMT employees, including the Plaintiff.

17. To the extent that PMT did not, as an employer or otherwise, meet its obligations and duties to plaintiff, if any, and such caused plaintiff's injuries, PMT is directly liable to plaintiff for such injuries and damages.

18. Under the circumstances described herein, PMT is legally obligated to indemnify Cabras Marine from all claims, losses, costs and expenses, including attorneys fees, arising or resulting from the alleged injuries to plaintiff and plaintiff's lawsuit.

WHEREFORE, Cross-Claimant Cabras Marine prays for:

1. Cross-Claim Defendant PMT to appear and answer in this action;

2. In the event any liability is assessed against Cabras Marine, judgment against

1  PMT in favor of Cabras Marine for indemnity or contribution for the liability, damages, costs,

2  and actual attorneys fees, all in accordance with the facts and law;

3.  Judgment against plaintiff on the claims asserted jointly against PMT and Cabras Marine;

4.  Judgment against Plaintiff on the claims asserted against PMT;

5.  Judgment against plaintiff on the claims asserted against Cabras Marine; and

6.  Further relief the Court deems just.

DATED: Hagåtña, Guam, August 21, 2006.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorneys for Defendant
Cabras Marine Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of August 2006, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANT CABRAS MARINE CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** upon the following Counsels of record:

> William M. Fitzgerald, Esq.
> Law Office of William M. Fitzgerald
> 1st Floor, Macaranas Building
> Post Office Box 909
> Saipan, MP 96950

> Bruce Berline, Esq.
> Law Office of Bruce Berline
> 1st Floor, Macaranas Building
> Post Office Box 5682 CHRB
> Garapan, Saipan MP 96950

and

> Thomas C. Sterling, Esq.
> Blair, Sterling, Johnson, Moody, Martinez & Leon Guerrero, P.C.
> Suite 1008, Pacific News Building
> 238 Archbishop Flores Suite
> Hagåtña, Guam 96910

DATED: August 21, 2006.

_____
DAVID LEDGER