CARLSMITH BALL LLP

DAVID LEDGER (CNMI BAR NO. F0195)
Carlsmith Ball LLP Building
Capitol Hill
Post Office Box 5241
Saipan, MO 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Cabras Marine Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN BRADY BARRINEAU,<br><br>Plaintiff,<br><br>vs.<br><br>PROMARINE TECHNOLOGY and CABRAS MARINE CORPORATION,<br><br>Defendants. | CIVIL ACTION NO. CV05-0028<br><br>DEFENDANT CABRAS MARINE CORPORATION'S *OPPOSITION* TO CROSS-DEFENDANT PRO MARINE TECHNOLOGY'S MOTION FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS BASED ON GOOD FAITH SETTLEMENT; DECLARATION OF DAVID LEDGER; EXHIBIT 1; CERTIFICATE OF SERVICE<br><br>HEARING: DECEMBER 21, 2006<br>TIME: 9:00 A.M. |

I.   Introduction.

Unlike typical contribution and indemnity cases in which co-defendants actually share fault for an injury to a plaintiff, here the Court is faced with an anomaly requiring a different analysis. In particular, the settling defendant here - ProMarine Technology ("PMT") - has admitted that it is the only defendant at fault for Plaintiff John Brady Barrineau's injuries. PMT admits that co-defendant Cabras Marine Corporation ("Cabras") had no role in contributing to Plaintiff's injuries.

4823-9865-4977.1.052540-00009

Nevertheless, Cabras faces an inequitable risk at trial - paying more in damages than PMT has paid to settle with Plaintiff. Under controlling federal maritime law, a jury may determine that Plaintiff's damages are greater than the sum settled for, and that Cabras' percentage share of fault as found by a jury is such that Cabras must pay more than what PMT paid to settle. In the circumstances, Cabras respectfully asks the Court to hold in abeyance its decision on PMT's motion for summary judgment on Cabras' cross-claims against PMT for contribution and indemnity until a jury verdict has been reached and the Court can assess whether or not the verdict, and the settlement, are in fact in good faith.

II.   Factual Background

It should first be noted that controlling law for this action is federal admiralty law, not Commonwealth or state law. *See* First Am. Compl.

Plaintiff has brought claims against Cabras for unseaworthiness and negligence stemming from an injury he allegedly sustained while he was working as a commercial diver. None of these claims, however, implicate or even remotely involve Cabras Marine. Rather, PMT employed Plaintiff as a commercial diver and arranged for Plaintiff and his gear to be transported to the dive site in Apra Harbor, Guam by Cabras Marine's work boat M/V CAJUN. In particular, on the day of the dive accident, Plaintiff and certain other PMT dive staff were picked up at Sumay Cove (U.S.N. Station- Guam) and transported to the dive site, Buoy 702, where PMT divers were to do underwater hull scrubbing on a Military Sealift Command vessel, M/V HAUGE. Cabras has always maintained the position that it neither caused nor contributed to cause Plaintiff's injuries. Therefore, Cabras filed cross-claims against Plaintiff's employer, PMT for contribution and indemnity.

Cabras Marine's stance of no liability is not at all contrary to the proof. Indeed, several times throughout this litigation, including in its current Motion, PMT "admit[s] that the cause of

the accident involved in this litigation was the conduct of an employee of Pro Marine in negligently turning off the air supply to Mr. Barrineau while he was involved in a dive. Pro Marine has never alleged that the accident was the fault of Cabras Marine. Cabras' sole involvement was the provision of a vessel to transport Pro Marine's crew and equipment to and from the project site." Aff. of Thomas C. Sterling in Support of Mot. for Approval of Good Faith Settlement, ¶ 2.

What's more, in responses to interrogatories, PMT states that "Pro Marine's affirmative defenses based upon the alleged negligence of Cabras Marine are solely based upon the allegations made by the Plaintiff in its complaint that Cabras Marine was negligent. Pro Marine presently has no knowledge of any facts supporting the contention that Cabras Marine was negligent in connection with this accident." Mot., Ex. A, Interrogatory No. 6.

Finally, PMT admitted in discovery that its employee Ken Collard turned off the air supply valve which directly controlled Plaintiff's air supply. Ex. 1.

The above uncontested facts dictate that this case must be treated differently than the typical contribution and indemnity case where there is actual comparative fault between the co-defendants with the jury left to determine respective percentages of fault.

III.   Legal Discussion

    A.   Federal Maritime Law, and Not CNMI Law, is the Rule in Maritime Personal Injury Cases.

Prior to discussing why the Court should not grant the motion for summary judgment, Cabras first finds it essential to advise the Court that PMT's legal analysis using CNMI law as the controlling law for the settlement is defective. PMT contends that under a CNMI statute, "if the settlement was entered into in 'good faith', the cross-claim of Cabras should be dismissed[.]" Mot. at 5 (citing 7 CMC § 4305). CNMI statutory law, however, does not provide rules of decision in this case. Instead, "[t]he body of law that governs a claim for indemnity or

contribution usually is the same body of law that establishes the indemnitee's primary liability to the plaintiff." *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 830 n.7 (5th Cir. 1992) (citations omitted). A narrow exception exists where the parties have included an enforceable choice of law clause in their contract. *Id.* Here, where no such clause or contract exists. Plaintiff plead maritime causes of action and federal maritime law governs such claims as well as Cabras Marine's claims for indemnification and contribution. *See id.*

Common law joint and several liability is the rule in maritime cases. *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256 (1979); *United States v. Reliable Transfer Co.*, 421 U.S. 397 (1975). Under the common law, it has long been held "that each and every one of several tortfeasors is liable for the full amount of an injured plaintiff's damages." *Hardy*, 949 F.2d at 829. Joint and several liability therefore requires that "one defendant might alone be required to bear the burden of several defendants' wrongs." *Id.*

Because joint and several liability often leads to an inequitable result, "[t]he courts developed the principles of indemnity and contribution to alleviate this potentially unfair allocation of the responsibility." *Id.* Thus, PMT's contention that Cabras must allege in the pleadings that "there is [a] contract between Cabras and Pro Marine which would expressly require indemnification," or that Cabras "is vicariously liable for the admitted negligence of Pro Marine," is quite simply wrong. Mot. at 8. Under federal maritime law, it is clear Cabras is entitled to claim indemnity and contribution as an alleged joint tortfeasor. The fact that the "cross-claim against Pro Marine does not allege any contractual relationship or *respondeat superior* relationship," Mot. at 2, has no bearing on the indemnity and contribution Cabras has under maritime law.

B.   A Non-Settling Defendant is Entitled to a Proportionate Share Credit for a Co-Defendant's Settlement.

The doctrine of comparative fault has modified indemnity and contribution in federal maritime law. *Reliable Transfer*, 421 U.S. 397; *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409 (1953); *Bosnor, S.A. de C.V. v. Tug L.A. Barrios*, 796 F.2d 776, 786 (5th Cir. 1986); *Knight v. Alaska Trawl Fisheries, Inc.*, 154 F.3d 1042, 1046-47 (1998). Prior to adopting comparative fault, the courts either divided damages equally among all liable tortfeasors or required the primary tortfeasor to bear all damages; afterward, damages were allocated according to respective fault. *See, e.g., Western Pacific Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280 (9th Cir. 1984).

Because of this change, indemnity between liable tortfeasors is now available "when proportionate degrees of fault cannot be measured and determined on a rational basis." *Hardy*, 949 F.2d at 833 (quoting *Reliable Transfer*, 421 U.S. at 405). A tortfeasor is also entitled to indemnity from a "co-debtor of actual fault" where it is vicariously liable or otherwise "non-negligent." *Hardy*, 949 F.2d at 833 (citing *Marathon Pipe Line Co. v. Drilling Rig Rowan/Odessa*, 761 F.2d 229, 236 (5th Cir. 1985)). A "non-negligent" tortfeasor is one upon whom "the law imposes responsibility even thought they committed no negligent acts," such as a defendant who is liable under a theory of constructive liability or imputed fault. *Id.*

Where a co-defendant settles with the plaintiff, however, a non-negligent defendant cannot ordinarily claim indemnity against the settling defendant. *Id.* This is because comparative negligence sufficiently protects the non-negligent defendant. *Id.* If the jury determines that the non-settling defendant is not negligent, no damages will be attributable to him. *Id.*

Similarly, where the non-settling defendant is deemed negligent, damages will be attributable to him, but contribution from the settling tortfeasor will not. A settling tortfeasor is

discharged from liability for contribution. *McDermott, Inc. v. AmClyde and River Don Castings, Ltd.*, 511 U.S. 202, 211 (1994); *Miller v. Christopher*, 887 F.2d 902 (9th Cir. 1989). Nonetheless, fairness in allocation requires that "nonsettling defendants are entitled to a credit for that settlement." *McDermott*, 512 U.S. at 207.

For this reason, the U.S. Supreme Court has held that in maritime cases, where one defendant settles with the plaintiff, the remaining defendants are entitled to a credit ***equal to the settling defendant's proportionate share of fault.*** *McDermott*, 512 U.S. at 217-21. In other words, the remaining defendants are responsible for only their proportionate share of fault, and are no longer jointly liable with the settling defendant. *Id.* In this instance, however, based on PMT's admissions that it alone is liable to Plaintiff (and notwithstanding Plaintiff's understandable contrary allegations) Cabras marine would be entitled to a 100% credit.

By contrast, the CNMI statute cited by Plaintiffs would apply a *pro tanto* credit to Cabras. Under CNMI law, after a finding of good faith, the non-settling defendants are entitled to a credit equal to the settlement amount to be applied against any judgment reached against them. 7 CMC § 4305; *see also Slaven v. BP America, Inc.*, 958 F. Supp. 1472, 1476 (C.D. Cal. 1997) (examining the difference between the *pro tanto* and comparative share methods). Under federal maritime law controlling this case, the settlement amount and good faith are irrelevant: "Without need for the court to adjudge good faith, an eventual final judgment of liability against the non-settling defendants is decreased by the percentage fault attributed to the settling defendant." *Slaven*, 958 F. Supp. at 1476.

In this case, how the *McDermott* rule works is by determining what each party's share of fault is at the trial. If the jury finds that Plaintiff is entitled to $100,000 in damages, and Cabras' is found to be 10% at fault, then damages are assessed against Cabras in the amount of $10,000. If the jury finds that Plaintiff is entitled to $200,000 in damages, and Cabras is found to 80% at

fault, Cabras pays $160,000. In light of PMT's admissions that it alone is at fault, any such results would be grossly inequitable and unsustainable.

IV.    The Court's Decision Should Be Held In Abeyance.

The primary dilemma with accepting the settlement and granting the motion at this stage lies in the potential for a runaway or otherwise grossly off-the-mark jury verdict against Cabras, even in light of the current evidence demonstrating the lack of any fault on Cabras' behalf, and the assumption of responsibility on PMT's behalf. For example, if the jury awards Plaintiff $500,000 and apportions Cabras' fault to any amount higher than 20%, then Cabras will then be made to pay more than PMT - even though PMT admits it was the negligent defendant and that Cabras played no part in causing the injury to Plaintiff. If the Court approves the settlement and grants PMT's motion now, Cabras will be unfairly barred from seeking any contribution from PMT, a wholly inequitable result in light of PMT's admissions.

The only solution to preventing Cabras from being victimized by an unsupportable verdict, and even worse having no recourse against PMT, is to hold the settlement and PMT's motion in abeyance until after the trial or a ruling on a soon-to-be-filed summary judgment motion. If the case goes to trial and the verdict is in line with the evidence and PMT's admissions of fault, but yet assesses some negligence on the part of Cabras, then the Court can assess the appropriate damages on Cabras. However, if the verdict holds Cabras liable at a greater percentage than PMT, or if the damages assessed against Cabras are greater than $100,000, then the Court can reexamine whether or not the settlement is indeed in good faith.

V.    Conclusion.

Cabras asks the Court to take special consideration of PMT's admissions of no liability on the part of Cabras and to deny the motion for summary judgment or to hold its decision in abeyance until the jury reaches its verdict. Alternatively, Cabras requests that the Court hold any

decision on PMT's motion until after Cabras Marine files a motion for summary judgment and the Court decides that motion.

DATED: December 7, 2006.

CARLSMITH BALL LLP

*[signature]*

DAVID LEDGER
Attorneys for Defendant
Cabras Marine Corporation

## DECLARATION OF DAVID LEDGER

I, David Ledger, declare under penalty of perjury that the following statements are true, correct and complete:

1. I am Counsel for Defendant Cabras Marine Corporation.

2. I have personal knowledge of the facts stated in this Declaration except as otherwise indicated.

3. I would testify competently to these facts if called by the Court to do so.

4. Attached hereto as Exhibit 1 are true and correct copies of Plaintiffs First Set of Request for Admissions to PMT, and PMT's Responses thereto.

I declare under penalty of perjury that the foregoing is true, correct and complete.

Executed this 7th day of December 2006.

_____
DAVID LEDGER

# EXHIBIT

# "1"

1  William M. Fitzgerald, Esq.
   **LAW OFFICE OF WILLIAM M. FITZGERALD**
2  1st Floor, Macaranas Building
   P.O. Box 909
3  Saipan, MP 96950
   Telephone (670) 234-7241
4  Facsimile (670) 234-7530

5

   **Bruce Berline, Esq.**
6  **Law Office of Bruce Berline**
   1st Floor, Macaranas Building
7  P.O. Box 5682 CHRB
   Garapan, Saipan, MP 96950
8  Telephone: (670) 233-3663
   Facsimile: (670) 233-5262
9

10  Attorneys for Plaintiffs

11

12                     IN THE UNITED STATES DISTRICT COURT

13                                    FOR THE

14             COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

15  JOHN BRADY BARRINEAU,                 )  CV NO. 05-0028
                                          )
16               Plaintiff,               )
                                          )
17       v.                               )  PLAINTIFF'S FIRST SET OF REQUESTS
                                          )  FOR ADMISSIONS TO DEFENDANT
18  PROMARINE TECHNOLOGY, CABRAS)           PROMARINE TECHNOLOGY
    MARINE CORPORATION, KENNETH)
19  COLLARD and CHIE N. COLLARD,          )
                                          )
20               Defendants.              )
                                          )
21  _____ )

22  TO:  DEFENDANT PROMARINE TECHNOLOGY AND ITS ATTORNEY OF RECORD,
         THOMAS STERLING, ESQ.
23

24
        Plaintiff John Brady Barrineau ("Plaintiff"), by and through his counsel, Bruce Berline, Esq.,
25
    hereby requests defendant Promarine Technology (hereinafter "PMT"), within thirty (30) days after
26
    service of this request, to make the following admissions for the purpose of this action only and subject
27
    to all pertinent objections to admissibility which may be interposed at the trial.
28

                 CALENDARED                              RECEIVED
           ATTN: _DAVID LUJAN_                       CARLSMITH BALL LLP
           BY  : _____                         ATTORNEYS AT LAW
           DATE: _ADMISSIONS DUE_          DATE: _6/30/06_ TIME: _H/D 3:45 P.M._
                                           BY: _____

**GENERAL DIRECTIONS**

You must file and serve a written response to this request within 30 days following service hereof. Your response to each matter may be in the form of an admission, a specific denial, an objection (with reasons clearly stated), or a statement that the matter cannot be admitted or denied. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and the information known or readily available to you is insufficient to enable you to admit or deny.

**DEFINITIONS**

1. The terms "PMT" You, Your or Yours means Defendant Pro Marine Technology, and/or any individual acting in any capacity on behalf of Pro Marine Technology, including but not limited to, employees, agents, principals, parent and subsidiary corporations, affiliates, partners, joint ventures, officers, directors, predecessors, successors, assigns, attorneys, representatives, insurers, excess insurers, reinsurerers and indemnitors, and each of them.

2. The term "Person" or "Persons" means a natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

3. The phrase "Plaintiff's Dive" means the dive which Plaintiff made on or about May 22, 2005, in order to clean the hull of the M/V Cpl. Louis J. Hauge, Jr., during which he sustained injury and which was made the basis of suit in the above-captioned civil action.

4. The phrase "Dive Team" means all divers and support personnel who were employed by PMT and involved, or assisted, in any way, with the job of cleaning the hull of the M/V Cpl. Louis J. Hauge, Jr., on or about May 22, 2005.

5. The phrase "Dive Operation" means the entire concerted action or process which was needed to undertake and complete the job of cleaning the hull of the M/V Cpl. Louis J. Hauge, Jr., while it was moored in Apra Harbor in Guam sometime in May of 2005 and includes Plaintiff's Dive.

**ADMISSIONS OF TRUTH**

1. Admit that Conald D. Jonah was a dive tender on the day of Plaintiff's Dive.

2. Admit that Conald D. Jonah was the dive tender for Plaintiff during Plaintiff's Dive.

3. Admit that Conald D. Jonah was not a certified commercial diver at the time of Plaintiff's Dive.

4. Admit that Conald D. Jonah was certified to be a recreational diver at the time of Plaintiff's Dive.

5. Admit that Conald D. Jonah was not trained as a commercial diver at the time of Plaintiff's Dive.

6. Admit that PMT did not provide Plaintiff with a diver-carried reserve breathing gas supply on the day of Plaintiff's Dive.

7. Admit that PMT did not provide Plaintiff with a diver-carried reserve breathing gas supply for use by Plaintiff during Plaintiff's Dive.

8. Admit that PMT did not supply any of its divers, who made dives during the Dive Operation, with diver-carried reserve breathing gas supply.

9. Admit that PMT did not use any type of depth gauge during Plaintiff's Dive.

10. Admit that PMT did not use a numofathometer during Plaintiff's Dive.

11. Admit that PMT did not use a numofathometer on any dives made during the Dive Operation.

12. Admit that Defendant Kenneth Collard turned off a quarter turn air supply valve during Plaintiff's Dive.

13. Admit that the quarter turn air supply valve, which Defendant Kenneth Collard turned off during Plaintiff's Dive, directly controlled Plaintiff's air supply.

14. Admit that the quarter turn air supply valve, which Defendant Kenneth Collard turned off during Plaintiff's Dive, caused Plaintiff's air supply to be shut off while Plaintiff was underwater.

15. Admit that the quarter turn air supply valve which was turned off by Defendant Kenneth Collard was not labeled in any way.

16. Admit that the quarter turn air supply valve, which was turned off by Defendant Kenneth Collard during Plaintiff's Dive, was not labeled "DIVER'S AIR SUPPLY - DO NOT TOUCH."

17. Admit that all valves which directly influence the air supply of a diver must be labeled: "DIVER'S AIR SUPPLY - DO NOT TOUCH."

18. Admit that PMT does not know Plaintiff's exact depth at the time Plaintiff's air was turned off during Plaintiff's Dive.

19. Admit that Plaintiff was employed by PMT as a commercial diver during the Dive Operation.

20. Admit that Plaintiff was employed by PMT as a commercial deep sea diver during the Dive Operation.

21. Admit that Plaintiff was working for You during the Dive Operation.

22. Admit that PMT was not authorized by any office under the United States Department of Labor, including without limitation, the Office of Worker's Compensation Programs, to be self-insured for purposes of complying with the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., during or prior to the Dive Operation.

23. Admit that PMT did not carry an insurance policy which would pay for benefits if a person covered under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., was injured at the time of Plaintiff's Dive.

Dated: Saipan, CNMI, June 2͟3͟, 2006.

_____
Bruce Berline
William Fitzgerald
P.O. Box 5682 CHRB
Saipan, MP 96950
Attorneys for Plaintiff John Brady Barrineau

```
THOMAS C. STERLING
BLAIR STERLING JOHNSON MOODY
  MARTINEZ & LEON GUERRERO, P.C.
1008 Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Telephone: (671) 477-7857
Facsimile: (671) 472-4290

THOMAS E. CLIFFORD
Attorney at Law
2nd Floor Alexander Building, San Jose
P.O. Box 506514
Saipan, MP 96950
Telephone: (670) 235-8846/7
Facsimile: (670) 235-8848
```

*Attorneys for Defendant Pro Marine Technology*

## IN THE DISTRICT COURT FOR THE
## THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN BRADY BARRINEAU,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PRO MARINE TECHNOLOGY and<br>CABRAS MARINE CORPORATION,<br><br>　　　　　Defendants.<br>_____<br>CABRAS MARINE CORPORATION,<br><br>　　　　　Cross-Claim Plaintiff,<br>vs.<br><br>PROMARINE TECHNOLOGY,<br><br>　　　　　Cross-Claim Defendant.<br>_____ | CIVIL ACTION NO. 05-0028<br><br>DEFENDANT PRO MARINE<br>TECHNOLOGY'S RESPONSE TO<br>PLAINTIFF'S FIRST SET OF<br>REQUESTS FOR ADMISSIONS |

TO PLAINTIFF JOHN BRADY BARRINEAU AND HIS ATTORNEYS OF RECORD:

COMES NOW Defendant **PRO MARINE TECHNOLOGY** (hereinafter "Pro Marine") and in answer to the Plaintiff's First Set of Requests for Admissions responds as follows:

|    |                 | RESPONSES |
|----|-----------------|-----------|
| 1  |                 |           |
| 2  | REQUEST NO. 1   | Admit.    |
| 3  | REQUEST NO. 2   | Deny.     |
| 4  | REQUEST NO. 3   | Admit.    |
| 5  | REQUEST NO. 4   | Admit.    |
| 6  |                 |           |
| 7  | REQUEST NO. 5   | Deny.     |
| 8  | REQUEST NO. 6   | Admit.    |
| 9  | REQUEST NO. 7   | Admit.    |
| 10 | REQUEST NO. 8   | Deny.     |
| 11 |                 |           |
| 12 | REQUEST NO. 9   | Deny.     |
| 13 | REQUEST NO. 10  | Admit.    |
| 14 | REQUEST NO. 11  | Deny.     |
| 15 | REQUEST NO. 12  | Admit.    |
| 16 |                 |           |
| 17 | REQUEST NO. 13  | Admit.    |
| 18 | REQUEST NO. 14  | Admit.    |
| 19 | REQUEST NO. 15  | Deny.     |
| 20 | REQUEST NO. 16  | Admit.    |
| 21 |                 |           |
| 22 | REQUEST NO. 17  | Deny.     |
| 23 | REQUEST NO. 18  | Deny.     |
| 24 | REQUEST NO. 19  | Admit.    |
| 25 | REQUEST NO. 20  | Deny.     |
| 26 |                 |           |
|    | REQUEST NO. 21  | Admit.    |

| | | |
|---|---|---|
| 1 | REQUEST NO. 22 | Admit. |
| 2 | REQUEST NO. 23 | Deny. |

BLAIR STERLING JOHNSON
MOODY MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
THOMAS C. STERLING, CNMI BAR NO. F0127

THOMAS E. CLIFFORD
ATTORNEY AT LAW

DATED: AUGUST 18, 2006     BY: _____
THOMAS E. CLIFFORD, CNMI BAR NO. F0210
*Attorneys for Defendant Pro Marine Technology*

E62\73061-01
G:\WORDDOC\PLD\TCS\293-PMT'S RESPONSES TO P'S 1ST SET OF
REQS 4 ADMISSIONS RE BARRINEAU V PRO MARINE.DOC

- 3 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 7th day of December 2006, I will cause to be served, via electronic filing/service, a true and correct copy of **DEFENDANT CABRAS MARINE CORPORATION'S *OPPOSITION* TO CROSS-DEFENDANT PRO MARINE TECHNOLOGY'S MOTION FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS BASED ON GOOD FAITH SETTLEMENT; DECLARATION OF DAVID LEDGER; EXHIBIT 1; CERTIFICATE OF SERVICE** upon the following Counsels of record:

    William M. Fitzgerald, Esq.
    Law Office of William M. Fitzgerald
    1st Floor, Macaranas Building
    Post Office Box 909
    Saipan, MP 96950

    Bruce Berline, Esq.
    Law Office of Bruce Berline
    1st Floor, Macaranas Building
    Post Office Box 5682 CHRB
    Garapan, Saipan MP 96950

and via hand delivery to:

    Thomas C. Sterling, Esq.
    Blair, Sterling, Johnson, Moody, Martinez & Leon
      Guerrero, P.C.
    Suite 1008, Pacific News Building
    238 Archbishop Flores Suite
    Hagåtña, Guam 96910

DATED: December 7, 2006.

                                                  _____
                                                  DAVID LEDGER