FILED
Clerk
District Court

DEC -7 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

JOHN BRADY BARRIENEAU,

Plaintiff,

vs.

CABRAS MARINE CORPORATION,

Defendant.

Case No. CV-05-0028

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE EXPERT WITNESS AND TAKING HEARING OFF CALENDAR

**THIS MATTER** came before the court on November 13, 2006, on defendant's motion to strike Dr. Pamina J. Hofer as an expert witness. Motion to Strike Dr. Pamina J. Hofer As An Expert Witness, No. 45 (Nov. 13, 2006).

**THE COURT**, having fully considered defendant's written arguments,[1] grants defendant's motion to strike Dr. Pamina J. Hofer as an expert witness. **ACCORDINGLY**, the hearing scheduled for December 14, 2006, at 9:00 a.m. shall be taken off calendar.

Federal Rule of Civil Procedure 26(a)(2) requires that the proponent of expert testimony make certain specific disclosures ("Rule 26(a)(2) disclosures" or "pretrial expert's report") at least 90 days before trial unless the court directs or the parties stipulate otherwise. The Local Rules of the United States District Court for the Northern Mariana Islands ("Local Rules") direct the parties to make Rule 26(a) disclosures "not less than fourteen (14) days prior to the date set for the Case Management Conference . . . ." LR 16.2CJ.d (2004). In this case, the court ordered that plaintiff's expert disclosures, if any, must be made no later than July 3, 2006. *See* Order Granting First

//

---

[1] The court did not receive an opposition brief from plaintiff.

Stipulation Extending Case Management Order Deadlines, No. 34 (June 5, 2006). The pretrial expert's report must be in writing, signed by the witness, and include the following information:

1. "[A] complete statement of all opinions to be expressed and the basis and reasons therefor;"

2. "[T]he data or other information considered by the witness in forming the opinions;"

3. "[A]ny exhibits to be used as a summary of or support for the opinions;"

4. "[T]he qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;"

5. "[T]he compensation to be paid for the study and testimony; and"

6. "[A] listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

Defendant asserts that plaintiff has not complied with Rule 26(a)(2) disclosures. Plaintiff failed to file an opposition and therefore does not dispute that assertion. *See* LR 7.1.d ("Failure to file and serve an opposing brief or memorandum may be deemed an admission that the motion is meritorious."). Accordingly, the court, considering the statement of defendant's attorney, Mr. Ledger, as an officer of the court, and Mr. Ledger's Federal Rule of Civil Procedure 11 certification, accepts that plaintiff has not complied with Rule 26(a)(2) disclosures. *See* Fed. R. Civ. P. 11 (Every written motion, signed by an attorney of record, is a certification "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions have evidentiary support[.]").

Where plaintiff fails to comply with Rule 26(a)(2), it is plaintiff's burden to show that his failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Plaintiff has not made any justification for failing to make Rule 26(a)(2) disclosures. Furthermore, plaintiff has not made any argument that such failure was harmless. Where a pretrial expert's report is not provided to the opposing party, such as happened here, the opposing party does not have a reasonable opportunity to depose the expert witness, to effectively cross examine the expert witness, or to

arrange for expert testimony from other witnesses. *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note (1993) (The disclosure requirements under Rule 26 recognize that the pretrial expert's report must be disclosed "sufficiently in advance of trial [so] that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony of other witnesses."). Thus, the failure to disclose under Rule 26(a) is not harmless, and the court must grant defendant's motion to exclude plaintiff's expert witness, Dr. Pamina J. Hofer. *See* Fed. R. Civ. Pro. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.").

**IT IS SO ORDERED.**

**DATED** this ___7TH___ day of December, 2006.

_____
ALEX R. MUNSON
Judge