THOMAS C. STERLING
BLAIR STERLING JOHNSON
  MARTINEZ & LEON GUERRERO, P.C.
1008 Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Telephone: (671) 477-7857
Facsimile: (671) 472-4290

THOMAS E. CLIFFORD
ATTORNEY AT LAW
2nd Floor Alexander Building, San Jose
P.O. Box 506514
Saipan, MP 96950
Telephone: (670) 235-8846/7
Facsimile: (670) 235-8848

*Attorneys for Defendant Pro Marine Technology*

IN THE DISTRICT COURT FOR THE
THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN BRADY BARRINEAU,<br><br>                    Plaintiff,<br>     vs.<br><br>PRO MARINE TECHNOLOGY and<br>CABRAS MARINE CORPORATION,<br><br>                    Defendants.<br>_____<br>CABRAS MARINE CORPORATION,<br><br>           Cross-Claim Plaintiff,<br>     vs.<br><br>PROMARINE TECHNOLOGY,<br><br>           Cross-Claim Defendant. | CIVIL ACTION NO. 05-0028<br><br><br><br><br><br>**REPLY OF PRO MARINE<br>TECHNOLOGY IN SUPPORT OF<br>MOTION FOR JUDGMENT ON THE<br>PLEADINGS OR PARTIAL SUMMARY<br>JUDGMENT** |

Cross-Claimant Cabras Marine Corporation (hereinafter "Cabras") argues persuasively that the rule pertaining to the liability of non-settling defendants in an admiralty case, such as this one, is not controlled by CNMI law but, rather, by the

United States Supreme Court's decision in *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 128 L.Ed.2d 148, 114 S.Ct. 1461 (1994). After the reviewing the cited authorities, Pro Marine agrees with this assertion and further submits that, based upon the *McDermott* case, the motion to dismiss the cross-claim must be granted and that the Court need not even address the issue of "good faith".

In *McDermott*, the Supreme Court examined various approaches which could be taken in joint tortfeasor settlement cases and determined that the proportionate liability approach rather than the *pro tanto* approach was the proper approach to be applied in admiralty cases. The Court noted that the *pro tanto* approach (which is the approach under CNMI law) should not be applied inasmuch as it was inconsistent with prior Supreme Court authority which found allocation based on proportionate fault appropriate in admiralty cases,[1] required ancillary litigation in connection with the "good faith" issue, and had the risk of saddling a non-settling defendant with a disproportionate share of liability. As such, the Supreme Court adopted the proportionate approach whereby a non-settling party is only liable for its fair share of the damages as determined by the

---

[1] *United States v. Reliable Transfer Co.*, 421 U.S. 397, 409, 95 S.Ct. 1708, 1714, L.Ed. 251 (1975).

jury regardless of the amount paid by the settling defendant.

In essence, under the proportionate approach, it is the plaintiff, in this case Mr. Barrineau, who bears the risk of settling with a defendant for less than that defendant's fair share. For example, if Mr. Barrineau recovers damages of $500,000, at trial and Cabras is found to be 10% responsible, Mr. Barrineau will end up with a total recovery of $150,000, consisting of the $100,000 settlement paid by Pro Marine and $50,000 to be paid by Cabras representing Cabras' 10% share of the total jury award. Thus, the payment to be made by Cabras after trial will be the same regardless of Pro Marine's settlement.

Cabras argues that dismissing the cross-claim will be "inequitable" since it may have to pay damages after trial despite the fact that Pro Marine acknowledges its own negligence and indicates no knowledge of any fault by Cabras in its discovery responses. If Cabras is ordered to pay damages, this will be because the jury disagrees with Pro Marine and finds facts sufficient to hold Cabras responsible to some degree for Mr. Barrineau's injury. Payment by Cabras of its fair share of the total damages is hardly inequitable.

By the same token, if the jury verdict indicates that Pro

- 3 -

Marine's $100,000 payment was more than its fair share because Cabras was primarily at fault, Pro Marine cannot obtain contribution from Cabras for its overpayment. *Murphy v. Florida Keys Elec. Co-Op Ass'n. Inc.*, 329 F.3d 1311, 1315 (11th Cir. 2003).

Based upon the United States Supreme Court's decision in *McDermott, supra.*, Pro Marine respectfully submits that its motion to dismiss the cross-claim must be granted as a matter of law. Pursuant to the *McDermott* case, Cabras' liability is limited to its fair share of the damages, if any, as determined by the jury at trial. Cabras can never be required to pay Mr. Barrineau more than its proportionate share of allocated liability and, as such, no right to contribution, as alleged in the cross-claim, can ever arise. Judgment on the pleadings or partial summary

//
//
//

RLING JOHNSON
LEON GUERRERO
NAL CORPORATION
acific News Building
p F.C. Flores Street
GUAM 96910-5205

1 judgment is therefore appropriate as to Cabras' cross-claim
2 against Pro Marine.
3    **RESPECTFULLY SUBMITTED** this 14th day of December, 2006.

THOMAS E. CLIFFORD, CNMI BAR NO. F0210
ATTORNEY AT LAW

BLAIR STERLING JOHNSON
  MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION

BY: _____
THOMAS E. CLIFFORD, CNMI BAR NO. F0210
*Attorneys for Cross-Defendant Pro Marine Technology*

E49:68\73061-01
G:\WORDDOC\PLD\TCS\305-REPLY BRIEF-MOTION TO DISMISS RE
BARRINEAU V PRO MARINE.DOC

BLAIR STERLING JOHNSON
LEON GUERRERO
NAL CORPORATION
acific News Building
p F.C. Flores Street
GUAM 96910-5205