F I L E D
Clerk
District Court

DEC 21 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN BRADY BARRIENEAU,<br><br>Plaintiff,<br><br>vs.<br><br>CABRAS MARINE CORPORATION,<br><br>Defendant,<br><br>―――――――――――――――――――<br><br>CABRAS MARINE CORPORATION,<br><br>Cross-Claimant,<br><br>vs.<br><br>PRO MARINE TECHNOLOGY,<br><br>Cross-Defendant. | Case No. CV-05-0028<br><br>**ORDER GRANTING CROSS-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING CROSS-DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

**THIS MATTER** came before the court on December 21, 2006, on cross-defendant's motions for summary judgment and judgment on the pleadings on defendant's cross-claim. *See* Cross-Defendant Pro Marine Technology's Notice of Motion and Motion for Summary Judgment and Judgment on the Pleadings Based on Good Faith Settlement, No. 49 (Nov. 22, 2006). Plaintiff appeared by and through attorney Bruce Berline; defendant and cross-claimant appeared by and through David P. Ledger; and cross-defendant appeared by and through attorney Thomas E. Clifford.

**THE COURT**, having fully considered the arguments of the parties, **GRANTS** cross-defendant's motion for summary judgment and **DENIES** cross-defendant's motion for judgment on the pleadings.

Pursuant to Federal Rule of Civil Procedure 56(c), the court may enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine.' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of establishing that there is no genuine issue of material fact. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir. 1978). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] ruling on a motion for summary judgment . . . ." *Anderson*, 477 U.S. at 255. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* Once the moving party has met this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Cross-defendant argues that summary judgment on the cross-claim is proper because defendant has no right to indemnification against it. Cross-defendant asserts that admiralty and maritime law, as expressed in *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 202 (1994), requires that when one or more defendants enter into a settlement, liability of each non-settling defendant in the case is based on the proportionate fault rule rather than the general joint and several liability principle. Cross-claimant agrees but urges the court to hold this motion in abeyance until the end of trial because there is evidence that cross-defendant has admitted that cross-claimant is not liable to plaintiff for any damages and that if the trial ultimately finds that cross-claimant is liable, cross-claimant has a right to indemnification from cross-defendant.

The problem with cross-claimant's argument is that there simply is no basis for its claim of indemnification. First, due to the proportionate fault rule, cross-claimant will only be liable for its relative fault and not for any injuries caused by cross-defendant. Second, cross-claimant has not provided any other basis for indemnification, such as contract or admiralty and maritime law. Thus,

2

as a matter of law, cross-claimant has no basis for an indemnification claim against cross-defendant. Accordingly, the court **GRANTS** cross-defendant's motion for summary judgment on the cross-claim and hereby dismisses with prejudice Pro Marine Technology as a party to this case. Cross-defendant's motion for judgment on the pleadings is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED** this ___21st___ day of December, 2006.

_____
ALEX R. MUNSON
Judge