# EXHIBIT

# "A"

William M. Fitzgerald, Esq.
**LAW OFFICE OF WILLIAM M. FITZGERALD**
1st Floor, Macaranas Building
P.O. Box 909
Saipan, MP 96950
Telephone (670) 234-7241
Facsimile (670) 234-7530

**Bruce Berline, Esq.**
**Law Office of Bruce Berline**
1st Floor, Macaranas Building
P.O. Box 5682 CHRB
Garapan, Saipan, MP 96950
Telephone: (670) 233-3663
Facsimile: (670) 233-5262

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN BRADY BARRINEAU, | CV NO. 05-00028 |
| Plaintiff, | |
| v. | PLAINTIFF'S RESPONSES TO DEFENDANT PRO MARINE TECHNOLOGY'S FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF |
| PROMARINE TECHNOLOGY, and CABRAS MARINE CORPORATION, | |
| Defendants. | |

**COMES NOW** Plaintiff John Brady Barrineau ("Plaintiff"), by and through his counsel, Bruce Berline, Esq., to respond to Defendant Pro Marine Technology's First Set of Interrogatories Propounded to Plaintiff.

Plaintiff has not fully completed his investigation of the facts relating to this action, has not completed analysis of existing discovery in this action, and has not completed preparation for trial. It is anticipated that further discovery, independent investigation, legal research and analysis of existing discovery may well supply additional facts and add meaning to the known facts, as well as establish

RECEIVED FROM
C. RESMITH CALL SAIPAN
DATE: 04-19-06  TIME: 9:45am

entirely new factual contentions and legal contentions, all of which may lead to substantial additions to, changes in, modification to, or variations from the responses and objections set forth herein.

The following responses and objections are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered facts which he may later recall or any subsequently discovered documents.

## OBJECTIONS

To the extent that any Interrogatory may be construed as calling for information that is subject to a claim of privilege including, but not limited to, the attorney-client privilege, the work product doctrine or any constitutional, statutory or regulatory proscription against disclosure, Plaintiff hereby assert that doctrine or privilege and objects to the Interrogatory on that basis. In addition, the inadvertent disclosure of material protected by such privilege(s) or doctrine(s) shall not constitute a waiver of the applicable privilege(s) or doctrine(s) either as to those material inadvertently produced or as to any other material.

Plaintiffs object to the Interrogatories as overbroad and unduly burdensome to the extent they seek information concerning activities unrelated to the events at issue in this case.

Plaintiffs object to the Definitions and Instructions to the extent that they seek to impose obligations which exceed or differ from those imposed by the Federal Rules of Civil Procedure.

Plaintiff objects to the Interrogatories as overbroad and unduly burdensome to the extent they seek information concerning activities unrelated to the events at issue in this case and/or in violation of the above privileges.

Plaintiff's responses herein are not intended to waive or prejudice any objection Plaintiff might assert as to the admissibility relevancy or discoverability of any response or document or category of responses or documents.

Incorporating the above objections to each response and without waiving the above, Plaintiff responds and objects to Defendant Pro Marine Technology's First Set of Interrogatories Propounded to Plaintiff as follows:

**RESPONSES TO INTERROGATORIES**

INTERROGATORY NO. 1: Referring to paragraphs 24 and 55 of your Complaint, and the allegation therein that you sustained permanent and painful injuries of mind and body, please state in detail what those painful injuries of mind and body consist of and identify all doctors or other medical personnel who diagnosed these conditions.

RESPONSE TO INTERROGATORY NO. 1: Objection: This interrogatory calls for an opinion from expert witnesses. Without waiving such objection and to the extent that Plaintiff may answer independently of such expert opinion, Plaintiff states as follows. While diving under the M/V Hauge, anchored in Apra Harbor, Guam on May 22nd 2005, while in the employment of Pro Marine Technology, Plaintiff's air was suddenly and without any warning, turned off. The sudden lack of air resulted in him undergoing a horrific and terrifying experience as he faced the real possibility of death by drowning. The loss of air supply caused Plaintiff to lose consciousness and hit his head on the M/V Hauge resulting in a laceration and contusion of Plaintiff's forehead . As a further result of his air supply being turned off, Plaintiff suffered and continues to suffer from recurring nightmares, concentration problems, sleep disorder, sexual dysfunction, stomach aches, depression, anger, agitation, stress, anxiety, phobia of being submerged under water and diving, memory losses and lapses, and marital problems. To the best of his understanding, he was diagnosed with Post Traumatic Stress Disorder (PTSD), Acute Stress Disorder (ASD) as well as suffering from an anoxic/hypoxic brain injury.

It is Plaintiff's understanding that Dr. Bill Hay, Dr. Pamela Hofer and Dr. Janet McCullough will agree with Plaintiff's statements above however, only Dr. Pamela Hofer has diagnosed him with a anoxic brain injury.

INTERROGATORY NO. 2: Referring to paragraphs 24 and 55 of your Complaint and the allegation therein that you sustained medical and related expenses, please state the total amount of medical, hospital and related expenses which you have incurred as a result of the injuries sustained in the incident.

RESPONSE TO INTERROGATORY NO. 2. Presently approximately $11,334.47.

INTERROGATORY NO. 3. Referring to paragraphs 24 and 55 of your Complaint and the allegation therein that you will be prevented in the future from participating in and enjoying the normal pleasures of life to which you were formerly accustomed, please identify all such activities, their prior frequency and describe in detail why you are no longer able to participate in those activities.

RESPONSE TO INTERROGATORY NO. 3. Objection: This interrogatory calls for an opinion from expert witnesses. Without waiving such objection and to the extent that Plaintiff may answer independently of such expert opinion, Plaintiff states as follows: As a result of Plaintiff's injuries, Plaintiff cannot, and will not in the future, be able to dive or participate in any meaningful way in Plaintiff's chosen profession as a commercial diver. Plaintiff was a commercial diver for approximately 7 years completed over 300 commercial dives. Because of Plaintiff's injuries and the experience he suffered through, he can no longer trust himself to safely dive commercially. Additionally, because someone topside, whom Plaintiff trusted, betrayed that trust by turning off his air supply while he was under water, Plaintiff is having great difficulty in trusting anyone topside while he is underwater. See also Plaintiff's Response to Interrogatory No. 1 for additional reasons why he is no longer able to participate in commercial diving.

Plaintiff no longer enjoys any type of SCUBA diving as it causes Plaintiff immense emotional distress. See also Plaintiff's Response to Interrogatory No. 1 for additional clarification of this emotional distress. At the time Plaintiff was injured he was a certified SCUBA instructor. Plaintiff had been SCUBA diving since he was 15 years old. Since that time Plaintiff conservatively estimates that he has completed approximately 1,000 to 1,500 dives. Because of Plaintiff's injuries and the experience he suffered through, he can no longer trust himself to safely dive. Because of the emotional pain that Plaintiff suffers when diving, he will be unable to teach his daughters Alexa Rae and Sofia Mae the pleasures of SCUBA diving or to even accompany them on underwater dives. The injuries have also interfered with Plaintiff's everyday relationship with his two daughters. Plaintiff's ability to interact with them has been negatively affected because of his emotional problems as set forth in response no. 1. The problems set forth in response no. 1 have also had a negative effect on Plaintiff's marriage and

relationship with his wife. Finally, the injuries have deprived Plaintiff of the everyday comfort and security of having a trade with which he can earn a living for himself and his family. Because Plaintiff's experience and injuries have effected him and his relationship with his daughters and his wife, his daily life has been adversely affected. Plaintiff's near death experience and the injuries resulting from that experience has left little if any part of his life unaffected. Plaintiff thinks about it everyday.

INTERROGATORY NO. 4: If you contend that the disabilities referred to in your answer to the preceding interrogatory will continue in the future, please state as to each disability:

    a:    the time period it is expected to continue; and,

RESPONSE TO INTERROGATORY NO 4(a): Objection: This interrogatory calls for an opinion from expert witnesses and that Plaintiff does not have the necessary expertise to answer this question.

    b.    the identity of the doctor or other medical practitioner who advised you of the same.

RESPONSE TO INTERROGATORY NO. 4(b): Objection: This interrogatory calls for an opinion from expert witnesses and that Plaintiff does not have the necessary expertise to answer this question, although Plaintiff does state, without waiving the above objection, that he is not aware of any person who has told him how long his disabilities will last.

INTERROGATORY NO. 5: Referring to paragraph 61 of your Complaint and the allegation therein that you are entitled to recover punitive damages, please state in detail the wrongful acts of Pro Marine which you contend entitle you to recover punitive damages and identify all persons with discoverable knowledge of said acts.

RESPONSE TO INTERROGATORY NO. 5. Objection: This interrogatory calls for an opinion from expert witnesses. Without waiving such objection and to the extent that Plaintiff may answer independently of such expert opinion, Plaintiff states as follows: Kenneth Collard, the president of Pro Marine Technology ("PMT"), intentionally turned off an air supply valve which directly controlled Plaintiff's only source of air while he was under water.

    Moreover, the air supply valve which Mr. Collard turned off was not properly marked or labeled identifying it as an air valve controlling a diver's air supply.

1    Finally, the air valve which Mr. Collard turned off was not properly secured so as to prevent any
2 one such as Mr. Collard from turning the valve so as to stop the flow of air to the a diver.
3    PMT and it employees should have had the proper training to respond to diving emergencies
4 such as the incident which occurred on May 22nd 2005 in Apra Harbor Guam. PMT's employees
5 working topside should have the knowledge and training to ensure that the diver is constantly tended
6 to and monitored while in the water. Such monitoring and tending include without limitation, that the
7 diver's depth is known at all times, constant monitoring of the diver's communications and informing
8 diver of important procedures topside, such as the turning off of an air supply valve, and that the standby
9 diver is ready to go. It is Plaintiff's belief that he was not constantly and properly tended to and
10 monitored while he was underwater.
11    PMT, it's employees and all other company personnel working topside, upon knowing that
12 Plaintiff had lost his air supply, should have initiated lost diver protocols, such as: inform the vessel
13 captain of the incident, call 911 and the US Coast Guard as well as prepare for transport to a hyper baric
14 chamber and hospital for observation by doctor. Upon retrieving a diver who PMT knows lost air while
15 operating a heavy hydraulic scrubber under a ship, and was dragged down, had made a rapid ascent to
16 the surface, may have lost consciousness due to lack of oxygen, and suffered head trauma and may be,
17 among other things, traumatized, hypoxic, anoxic or suffer from baro-trauma or otherwise seriously
18 injured PMT should have taken him to a hospital or doctor immediately.
19    As for the second part of this interrogatory, Plaintiff objects that the question is overbroad as it
20 includes anyone that Plaintiff or anyone associated with this matter who has heard about the incident.
21 Without waiving such objection and limiting the answer to those people that should have direct
22 knowledge of the above acts, Plaintiff responds as follows:
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///
///

Plaintiff himself; Ben Matanabe; Kenneth Collard; Carey Rose; Chris Shelton; Vance Eflin; Conel D. Jonah; and the captain of the M/V Cajun and any other people who were aboard the M/V Cajun on the day of the incident, Lt. Delgado and Lt. Donna Leoce of the United States Coast Guard.

Dated this ___ day of April, 2006.

BRUCE BERLINE
Attorney for Plaintiff

VERIFICATION

I, John Brady Barrineau, having read the above responses contained above do hereby declare that the foregoing is true and correct to my own knowledge and that I have executed this document entitled Plaintiff's Responses to Defendant Pro Marine Technology's First Set of Interrogatories Propounded to Plaintiff on this __6__ day of April, 2006 at Saipan, CNMI.

JOHN BRADY BARRINEAU